DIETZ CLUB, APPELLANT V. WILLIAM NIEHAUS, APPELLEE.

FILED APRIL 10, 1923.    No. 23231.

1. **Master and Servant:** COMPENSATION. Section 3069, Comp. St. 1922, does not allow an employer to take advantage of his own default in failing to carry insurance, to the detriment of an injured employee who was presumed to have contracted with reference to part II, under section 3035.

2. ———: CASUAL EMPLOYMENT. When a corporation, whose business was the building, furnishing and maintaining a club-house, and all necessary and suitable ground for the promotion and encouragement of outdoor sports, and to provide entertainment, instruction and profit for its members and stockholders, employs a person for a certain period at a fixed sum per hour to care for said grounds, repair the buildings, and prepare and maintain the grounds for outdoor sports, under the direction and supervision of the officers of such corporation during the club season, *held,* such employment was not casual and such employee was engaged in the usual course of the trade and business of such corporation.

3. ———: DAMAGES. The amount of the award of compensation examined, and *held* not excessive.

APPEAL from the district court for Douglas county: CARROLL O. STAUFFER, JUDGE. *Affirmed.*

*H. T. White,* for appellant.

*Eugene N. Blazer, contra.*

Heard before MORRISSEY, C. J., GOOD and ALDRICH, JJ., BEGLEY and BUTTON, District Judges.

BEGLEY, District Judge.

This is a proceeding brought under the workmen's

compensation act by William Niehaus, who obtained compensation for personal injuries sustained by him while employed by Dietz Club, a corporation. From a decree in district court awarding compensation, the Dietz Club has appealed.

The Dietz Club is a corporation owning a club-house and grounds in Omaha, Nebraska, for the entertainment of its members. On March 1, 1921, it employed William Niehaus for a period of six months as caretaker to put the grounds and buildings in repair and to keep them so throughout the season. While at work on the second day of his employment, Niehaus raked and burned some dry grass. The fire spread to some adjacent buildings, and in attempting to extinguish it he fell through the cover of an abandoned well and was injured.

It is first contended by appellant that it is not liable for compensation in this case, as at the time of the injury it was not acting within the provisions of part II of the employers' liability act, because of its failure to provide insurance, as required by section 3069. In the case of *Arre r. Sexton, ante,* p. 149, we held that section 3069, considered in connection with section 3035, does not allow the employer to take advantage of his own default in failing to carry insurance, to the detriment of an injured employee who was presumed to have contracted with reference to part II, under section 3035.

It is next contended that appellee was not engaged in the usual course of trade, business, profession or vocation of the Dietz Club at the time of the injury; that he was only casually employed, and then only as an independent contractor. The evidence discloses that the Dietz Club had a club-house for dancing and other amusements; that it had grounds surrounding the club-house with tennis courts and houses for the occupancy of its members; and that its business or purpose was to build, erect, equip, furnish, conduct and maintain the club-house and houses and all necessary and suitable grounds for the encouragement and promotion of outdoor and indoor

sports, entertainments and pastimes. It was necessary that these buildings, grounds and equipment be kept up and maintained to fulfil the purpose or business of the club. Appellee was employed for that purpose. His duties were fixed by the board of directors and they had supervision and direction over his work. His term of employment was definite. His contract of employment was at a stipulated rate per hour to do certain work designated by the secretary of the club on the property belonging to his employer. He was permitted to do only such work as was directed and approved by his employer. We think under these circumstances he was engaged in the usual trade and business of the Dietz Club; that his employment was not casual; and that he was not an independent contractor.

It is next contended that the amount of compensation allowed the appellee, Niehaus, is excessive. This is based on the theory that his employment was seasonal, and not steady, and that the amount should have been arrived at under section 3049, Comp. St. 1922. The evidence is conflicting as to the actual terms of employment. Appellee testified that he was engaged to work every day from eight to ten hours; that he was directed to rake the grounds and burn the rubbish; that during bad weather, when he was unable to work outside, he was to paint the inside of the club-house and do plaster work and wall-papering. The work on the tennis courts, grounds, etc., was to be done during this entire period, together with the general care of the premises; that when it was necessary to put the tennis courts in condition for use he was to work on Sundays, and that 40 cents an hour was the usual wages he had received from other employers. On the other hand, appellant's evidence was to the effect that it would not require the full time of appellee in the care of the buildings and grounds, unless in case of a rainy season or other contingencies that might add to the work.

Under this conflicting evidence the court fixed the sum

of $20 a week as the amount Niehaus would earn during a week. The findings in this case, being based on conflicting evidence, should not be disturbed.

The decree of the district court is therefore right, and is

AFFIRMED.