HASENFUS and another, Appellants, vs. INDUSTRIAL COM-
MISSION OF WISCONSIN and another, Respondents.

*May 10—June 3, 1924.*

*Workmen's compensation: Usual course of employer's business:
Fireworks display at summer resort: Independent contractor.*

Where plaintiff, operating a pleasure resort, employed one D. H.
to set off fireworks which were furnished by plaintiff and
set off upon his premises for his benefit and under his direc-
tion, and authorized the employment of an assistant whose
compensation was paid by plaintiff, an award under the pro-
visions of the workmen's compensation act against plaintiff
for an injury received by such assistant was not improper,
either on the ground that deceased was not in an employment
which was in the usual course of the business of the plaintiff
or because D. H. was an independent contractor. p. 283.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

John Hubert, deceased, was a resident of Kalamazoo, Michigan, and the husband of the claimant, *Gertrude Hubert.* *William Hasenfus* owned and conducted a summer resort and hotel at Bay Shore Park in the village of Peshtigo, Marinette county. On July 4, 1922, John Hubert was visiting his brother, Dennis Hubert. Dennis Hubert was a member of the local fire department and was employed by *William Hasenfus* to set off a quantity of fireworks on the evening of July 4, 1922. Dennis was to receive $10 for his services, and was to get whatever assistance was necessary, for which *William Hasenfus* was to pay the sum of $5. While engaged in setting off the fireworks a bomb exploded. John Hubert sustained injuries from which he subsequently died. A claim was filed under the workmen's compensation act, the *Industrial Commission* awarded compensation, and this action was begun in the circuit court for Dane county to review the award. From the judgment of the circuit court affirming the award the plaintiffs appeal.

For the appellants there was a brief by *Lamfrom & Tighe,* attorneys, and *Leon B. Lamfrom* and *A. J. Engelhard,* of counsel, all of Milwaukee, and oral argument by *Leon B. Lamfrom.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

ROSENBERRY, J.    Plaintiffs urged two propositions: first, that John Hubert was not in an employment which was in the usual course of the business of the plaintiff *William Hasenfus;* second, that Dennis Hubert was an independent contractor.

(1) Sub. (4) of sec. 2394—7, Stats., provides who shall be considered an employee, and excepts "any person whose employment is not in the usual course of the trade, business, profession, or occupation of his employer." The contention of plaintiffs is that the employment in which John Hubert was engaged was not one incidental to the running of an

Hasenfus v. Industrial Comm. 184 Wis. 281.

amusement park as usually conducted, but that it was exceptional and outside of the usual methods of conducting that business, and it is argued that on no other Fourth of July within many years previous had there been a display of fireworks in this particular park. It is said that there is a distinction between the terms "usual business" and "usual course of business;" that the latter expression is much more restricted than the former. The *Industrial Commission* found against the plaintiff's contention. The plaintiff was engaged in the business of operating a pleasure resort and in the usual course of his business he did those things which were reasonably calculated to attract patronage to his place. The employment of fireworks upon the Fourth of July for such a purpose is a usual and ordinary one, and while the employment itself was but temporary, the very nature of the plaintiff's business was such that persons were employed temporarily for the purpose of attracting crowds and patronage to plaintiff's resort. The usual course of his business was to provide unusual attractions and the very nature of the business required that they be of a temporary character. This case is ruled by *Holmen C. Asso. v. Industrial Comm.* 167 Wis. 470, 167 N. W. 808; *F. C. Gross & Brothers Co. v. Industrial Comm.* 167 Wis. 612, 167 N. W. 809.

(2) The deceased was employed by Dennis Hubert pursuant to the directions given by the plaintiff *Hasenfus*. He did not receive his compensation from Dennis but from *Hasenfus*, and there is no evidence which brings his case within the doctrine of *Weyauwega v. Industrial Comm.* 180 Wis. 168, 192 N. W. 452. What was done here, so far as the record discloses, was done under and pursuant to the direction of *Hasenfus*, and Dennis Hubert was in no aspect of the case an independent contractor. The fireworks were furnished by *Hasenfus*, set off upon his premises, for his benefit, and under his direction.

*By the Court.*—Judgment affirmed. Appellants to pay clerk's fees, otherwise no costs to be taxed.