Miller & Rose and another, Respondents, vs. Industrial Commission of Wisconsin (Defendant) and Rich, Appellant.

*March 6—April 3, 1928.*

*Workmen's compensation: Who is employer: Professional entertainer engaged to perform act: Independent contractor.*

1. Where the facts relative to whether deceased, who was accidentally killed while giving an exhibition under a contract, was an independent contractor or an employee were undisputed, the determination thereof was a matter of law.   p. 470.
2. An employee is generally subject to the direction and control of the employer as to his work and the manner of its execution, while an independent contractor undertakes to do the job, reserving to himself independence of action as to execution except as designated in the contract.   p. 470.
3. In view of sub. (2), sec. 102.04, and sub. (4), sec. 102.07, Stats., defining "employer" and "employee," a professional

entertainer engaged to perform an act in his own way, with apparatus furnished by himself and without any direction or control by those engaging him, is not an "employee" within the meaning of the compensation act, so as to justify an award to his widow for his death while engaged in giving an exhibition. pp. 470, 471.

APPEAL from a judgment of the circuit court for Dane county: AUGUST C. HOPPMANN, Circuit Judge. *Affirmed.*

For the appellant *Rich* there were briefs by *Joseph A. Padway,* attorney, and *Nora B. Padway,* of counsel, both of Milwaukee, and oral argument by *Mr. Padway.*

For the defendant *Industrial Commission* there was a brief by the *Attorney General* and *Mortimer B. Levitan,* assistant attorney general.

For the respondents there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur B. Doe* and *Kenneth P. Grubb,* of counsel, all of Milwaukee, and oral argument by *Mr. Doe.*

CROWNHART, J.   The facts are not in dispute.   The defendant *Fern Rich* is the widow of Harry Rich, who accidentally met his death while giving an exhibition termed the "slide for life."   Deceased was engaged by the plaintiffs *Miller & Rose* to give his exhibition at the State Fair Amusement Park at Milwaukee, July 1, 1925.   Rich was a professional entertainer, going from place to place.   The contract was made by correspondence, in writing.   Rich was to give his act three times a day for one week, for $375.   He was to bear his own expense, perform his act in his own way, from apparatus furnished by himself, and without any direction or control by *Miller & Rose.*   Rich furnished his own advertising material.   He came to the park as per contract, and prepared his apparatus with the aid of some workmen furnished by *Miller & Rose,* but who were supervised by Rich.   He was killed on his first slide.   Such are the outstanding facts.

*Fern Rich,* as widow of Harry Rich, made application to
the *Industrial Commission* for compensation, and the same
was awarded. The plaintiffs brought an action in the cir-
cuit court to review such award, and the circuit court va-
cated the award. The *Industrial Commission* and *Fern
Rich* appealed from the judgment of the circuit court to
this court.

The appellants contend that Harry Rich was an employee,
rendering service under a contract of hire to *Miller & Rose.*

The respondents contend that Harry Rich was an inde-
pendent contractor and not an employee. The facts being
undisputed, this presents a matter of law.

The compensation act was passed to care for personal in-
juries resulting from industrial accidents,—such accidents
as grew out of the relation of master and servant under the
common law. Hence, we have the significant expressions in
defining employer (master) and employee (servant) : "Every
person . . . who has any person in *service* under any contract
of *hire"* is an employer. Sub. (2), sec. 102.04. "Every
person in the *service* of another under any contract of
*hire"* is an employee. Sub. (4), sec. 102.07, Stats. (The
emphasis is ours.) The act was framed by a legislative
interim committee and its able counsel, which reported a
printed bill with ample explanations of each section. This
printed report they denominated *"Workmen's* Compensation
Bill and Report." All through the report the idea is domi-
nant that the compensation act was to cover "laborers,"
"workmen," "employees," "servants," "wages." The bill
became a law, substantially as reported. Ch. 50, Laws of
1911. So we may safely say that, except as amended, the
act covered no one except workers for hire, in the common
acceptation of such expressions as were used.

Bearing this in mind, it should not be very difficult to
differentiate between employees under the act and independ-
ent contractors. The employee generally is subject to direc-
tion and control by the employer as to his work and the

manner of execution. The independent contractor undertakes to do the job reserving to himself independence of action as to execution, except as designated in the contract. There may be cases where definition is difficult, but application of the principles to the facts is usually fairly plain.

In the instant case Rich was a performer of a dangerous act intended to attract and thrill a crowd. He traveled from place to place to perform his act, as he could secure contracts or "bookings" in advance. His contract called for a lump-sum payment. His act was not subject to direction or control of *Miller & Rose*. He was his own master and the servant of no one. He was an independent performer, in business for himself. He was no more an employee than would be Paderewski, Chaliapin, or Madame Schumann-Heink. None of the artists of this class would suspect that he was under the compensation act if he should be injured in the performance of his exhibition. This does not mean that there are no artists or performers under compensation. Many such are under contracts of hire to render service under the control and direction of an employer.

We have been favored with able oral argument and exhaustive briefs on both sides, but we do not regard the case as doubtful. Cases cited to our attention, closely in point, are: *Ronning v. Industrial Comm.* 185 Wis. 384, 200 N. W. 652; *Madix v. Hochgreve B. Co.* 154 Wis. 448, 143 N. W. 189; *Hasenfus v. Industrial Comm.* 184 Wis. 281, 199 N. W. 158; *Weyauwega v. Industrial Comm.* 180 Wis. 168, 192 N. W. 452; *Leigh Aitchison, Inc. v. Industrial Comm.* 188 Wis. 218, 205 N. W. 806.

We are not unmindful of the rule that the compensation act is to be liberally construed to carry out its humane purposes; but to include within its provisions actors and performers of the class suggested would be subversive of the intent and purpose of the law.

*By the Court.*—The judgment of the circuit court is affirmed.