EDWARDS, Respondent, vs. ALHAMBRA THEATRE COMPANY, Appellant.

*January 9—March 5, 1929.*

*Michael Levin* of Milwaukee, for the appellant.

For the respondent there was a brief by *I. B. Padway*, attorney, and *F. E. Jenkins,* of counsel, both of Milwaukee, and oral argument by *Mr. Padway*.

OWEN, J.   It is first contended on the part of the appellant that its plea of abatement should have been sustained. The plea in abatement was to the effect that the claim of the plaintiff was under and pursuant to the workmen's compensation act.  It appears that the plaintiff was the proprietor of an attraction or exhibition, and that he traveled about the country exhibiting the same wherever he could secure contracts.  The Alhambra Theatre Company paid him $300 for

the exhibition during a certain period of time. It does not appear that the Alhambra Theatre Company retained any control over him in the matter of putting on the exhibition, although it furnished him with some help. There is no difference that we can discover between the relation of the plaintiff and the Alhambra Theatre Company and the relation considered in *Miller & Rose v. Rich,* 195 Wis. 468, 218 N. W. 716, which was there held to constitute the status of an independent contractor. The plea in abatement was properly overruled.

The motion for a new trial was granted in the interests of justice. The plaintiff was required to pay the costs. This is a highly discretionary order. It will not be disturbed by this court where the evidence is such that conflicting conclusions may be reached by different persons. We cannot tell whether the trial court granted a new trial because it was dissatisfied with the verdict of the jury or whether it was thought the case had not been properly submitted to the jury. It seems that the latter was quite likely the reason.

The complaint charges the defendant with negligence in the following language:

"That the defendants, their agents, servants, and employees, were negligent in placing the said glass fountain in the plaintiff's path, in that they failed to give plaintiff adequate notice and warning that the said fountain was lying in his path, in that they failed to provide lights upon said stage or other means whereby the plaintiff could detect the presence of said fountain in his path, and otherwise carelessly and negligently placing the said fountain."

The only question of negligence on the part of the defendant submitted to the jury was whether the pilot light near the stage door was out when plaintiff entered, and whether there was any negligence on the part of the defendant in not discovering that the light was out before the plaintiff was injured. The question of whether the leaving

of the fountain on the stage, knowing that it was the custom of the plaintiff, pursuant to permission to use this part of the stage as a passageway during his exhibition, charged with knowledge that electric light bulbs are not of eternal life and are apt to burn out at any time, constituted negligence of the defendant, was not submitted to the jury. The allegations of the complaint and the evidence of the case called for the submission of that question. While the plaintiff could not insist upon the failure of such submission as error for the reason that no request was made for its submission, the trial court might well have concluded that the interests of justice required a retrial and a submission of that question. It will be seen that this was a separate and distinct ground of negligence, entirely separate and apart from the question of whether there was any negligence in not discovering that the light was out before plaintiff was injured. We should not disturb the order granting a new trial unless it clearly appears as a matter of law that a verdict for the plaintiff cannot stand. A jury might very well find that the act of the defendant's employees in leaving this fountain in or adjacent to the usual course of the plaintiff across the stage, under all the circumstances, was a negligent act, and that the presence of the fountain constituted the proximate cause of plaintiff's injuries.

The question of plaintiff's contributory negligence was plainly a jury question. It cannot be said as a matter of law that the plaintiff's attempt to cross the stage at a time when his presence on the other side of the stage was necessary in the usual course of his exhibition, having no reason to believe that he would meet with any obstacles on his way, constituted contributory negligence. It is difficult to distinguish the situation here presented and that considered in *Campbell v. Sutliff*, 193 Wis. 370, 214 N. W. 374. We see no reason for disturbing the order granting a new trial.

The plaintiff has filed a motion for review, contending

that he is entitled to judgment notwithstanding the verdict. This contention does not present even a close question. It is not worthy of consideration. The most that can be said in favor of the plaintiff is that the evidence presented jury questions. The evidence falls far short of convicting the defendant of negligence as a matter of law. In fact, it is doubtful if a contrary answer to the only question relating to the defendant's negligence submitted could have been sustained.

*By the Court.*—Order affirmed.

ESCHWEILER, J. (*dissenting*). I think that the complaint should have been dismissed because the record discloses, as a matter of law, that there was no actionable negligence by defendant upon any of the grounds alleged in the complaint or attempted to be shown or here suggested; and because the plaintiff, in going forward upon the stage made absolutely dark by the absence at that moment of the light which had theretofore made such passageway clear, took an unnecessary risk and in disregard of his own safety, and should be held to have proximately contributed to his own injury.