WILLIAM HILL'S CASE.

Suffolk. April 4, 1929. — September 23, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act*, To whom act applies, Findings of fact by Industrial Accident Board. *Agency*, Existence of relation, Independent contractor.

At the hearing by the Industrial Accident Board of a claim for compensation under the workmen's compensation act, it appeared that the claimant was injured while washing windows in a building owned by a corporation which carried on a private day school; that a janitor employed by the proprietor of the school did not wash windows; that the claimant was employed by a teacher, in charge with authority, to do the work under the janitor, to whom he would be responsible, who was to look after things in her absence, and who would, from time to time, show him what to do; that the teacher authorized him to bring two friends to assist him and to supply necessary materials and appliances for doing the work; that his injury was caused by the breaking of a ladder, which he had furnished, while he was engaged in the work. There also was evidence that the claimant carried on a business of washing windows for hire. *Held*, that

(1) The question, whether the claimant was an independent contractor, employed to carry out the window washing for the school in his own way, subject to no control in terms, methods, and men, or was a servant subject to the direction of the school's janitor or the teacher in the methods of the work, was a question of fact upon such evidence;

(2) There was nothing which, as matter of law, compelled a finding either way;

(3) Although the question of fact was a close one, a finding by the Industrial Accident Board that the claimant was an employee of the corporation was warranted and would not be disturbed;

(4) The employment of the claimant was "in the usual course of the trade, business, profession or occupation of his employer" within the provisions of the statute.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding compensation in the circumstances stated in the opinion.

In the Superior Court, by order of *Bishop*, J., a final decree was entered awarding compensation. The insurer appealed.

*T. J. Mulcahy*, for the insurer.

*S. B. Horovitz*, for the claimant.

WAIT, J. This is an appeal from a decree entered in accord with findings of the Industrial Accident Board that William Hill was injured while an employee of the Park School Corporation engaged in the business of that corporation and from a cause arising out of the employment. The insurer contends that Hill was an independent contractor, or an employee of such contractor, and not an employee of the assured. The findings of fact made by the board are final. This court cannot revise them if there is evidence which, as matter of law, can support them. *Fitzgibbon's Case*, 230 Mass. 473, 474, and cases cited.

There was evidence as follows: The Park School Corporation carries on a private day school. It employed Hill, a deaf mute, to wash the windows of two buildings used for school purposes, and agreed to pay a fixed sum per window. The employment was made by Miss Lee, a teacher, authorized to employ persons to do work incidental to the ordinary care of the school property. The janitor did not wash windows. It was necessary to employ some one to do this work. Miss Lee learned of Hill and arranged with him to do the washing during a spring recess of the school. She told him he was to do the work under the janitor, to whom he would be responsible, who was to look after things in her absence, and who would, from time to time, show him what

to do.   Either the janitor or Mrs. Harris, a coprincipal with Miss Lee, had authority to control the work.   Miss Lee authorized Hill to bring two friends to assist him.   Hill was to supply necessary materials and appliances for doing the work.   A ladder furnished by him broke when he was upon it engaged in the work, and he was injured.   There was also evidence that Hill, with a partner, carried on a business of washing windows for hire.   Whether Hill was an independent contractor, employed to carry out the window washing for the school in his own way, subject to no control in terms, methods, and men, or was a servant subject to the direction of the school's janitor or its principals in the methods of the work, see *Marsh* v. *Beraldi*, 260 Mass. 225, 230, 231, was a question of fact upon such evidence.   This court cannot determine the credit to be given the witnesses; and cannot properly say that the single member and the board on appeal were wrong in finding that Hill was here an employee rather than an independent contractor or an employee of an independent contractor.

The question of fact is a close one.   A contrary finding could not properly have been disturbed.   We discover nothing which, as matter of law, compels a finding either way. The case falls within the line illustrated by *Churchill's Case*, 265 Mass. 117, *McAllister's Case*, 229 Mass. 193, *Goff's Case*, 234 Mass. 116, *Chisholm's Case*, 238 Mass. 412, rather than that of *Pigeon's Case*, 216 Mass. 51, *Clancy's Case*, 228 Mass. 316, *Centrello's Case*, 232 Mass. 456, *Winslow's Case*, 232 Mass. 458, and *Pickett* v. *Waldorf System, Inc.* 241 Mass. 569.

The employment was, in our opinion, "in the usual course of the trade, business, profession or occupation of his employer."   G. L. c. 152, § 1, (4).   Teaching is not the only business of a day school.   Care of its property is part of its occupation.   The cases arising under the English act cited by the insurer on this point relate to a statute differing in its language from our own, and are not controlling.   *Gaynor's Case*, 217 Mass. 86, 88, 89.

*Decree affirmed.*