(No. 20230.—)
Felix Rogalski, Plaintiff in Error, *vs.* The Industrial Commission *et al.*—(Anton Jackowski, Defendant in Error.)

*Opinion filed December 18, 1930.*

Ernest C. Reniff, (George A. Schneider, of counsel,) for plaintiff in error.

James A. Tracey, and John A. Bloomingston, for defendant in error.

Mr. Commissioner Edmunds reported this opinion:

Anton Jackowski filed his petition under the Workmen's Compensation act claiming compensation from Felix Rogalski, plaintiff in error. The arbitrator awarded Jackowski the sum of $4862.20. This award was confirmed by the Industrial Commission, and the decision of the Industrial Commission was upheld by the circuit court of Cook county.

By this writ of error Rogalski seeks further review of the record.

Plaintiff in error was the owner and operator of a nineteen room hotel at Wheeling, Illinois, about twenty miles from Chicago. He also owned two two-apartment buildings and one three-apartment building located at 1319, 1321 and 1323 North Ashland avenue, Chicago. In his premises at 1321 North Ashland avenue there was a store, which had been occupied as a barber shop. He undertook to place a partition crosswise through this store, so that the front part could be used as a barber shop and the rear portion as living quarters for the barber and his family. In this work he was assisted by Carl Cikoff, who lived at Wheeling and worked for plaintiff in error as a janitor. Jackowski, a tailor employed by Hart, Schaffner & Marx, Chicago, is a cousin and brother-in-law of plaintiff in error and for six years had lived as a tenant on the premises at 1321 North Ashland avenue, paying $20 a month rent. During the month of May, 1928, while plaintiff in error was putting in the above mentioned partition, work in the tailoring trade was slack and Jackowski was employed by Hart, Schaffner & Marx only during the forenoon of each day. On May 15 plaintiff in error employed him to work on the partition and agreed to pay him at the rate of one dollar an hour. Jackowski worked there seven afternoons, helping on the partition and doing painting and laying floors. On May 25 he got home from his work at the tailor shop about half-past one, came to the premises where the work was being done and assisted in passing up some boards. Before plaintiff in error and Cikoff left for Wheeling that afternoon plaintiff in error told Jackowski to work ten or fifteen minutes more. Shortly thereafter, while Jackowski was standing on a ladder trying to put a bracket on a window, the ladder slipped and he fell, breaking his left leg.

Plaintiff in error argues that there is no evidence in the record to establish that at 1321 North Ashland avenue he

was engaged in one of the businesses enumerated in section 3 of the Workmen's Compensation act, and that there is no evidence in the record that Jackowski was engaged in the usual trade, business, profession or occupation of his employer. Jackowski contends that plaintiff in error was under the act in maintaining his real estate properties at 1319 to 1323 North Ashland avenue, and that the injury was sustained in the usual course of his employer's business. In view of our previous decision in *Davis* v. *Industrial Com.* 297 Ill. 29, we are of the opinion that the contention of Jackowski is well taken. In that case a merchant who conducted a hardware and paint business owned several apartment buildings which he rented for income. While cleaning the walls of one of these buildings a workman was injured. The merchant insisted that while he owned and rented the building upon which the injured workman was working he was not engaged in the business of maintaining it and was therefore not under the Workmen's Compensation act. We called attention to the evidence showing that he kept his buildings in condition and repair for renting, pointed out that the work which was in progress at the time the accident happened was done in the course of maintenance, and referred to *Johnson* v. *Choate,* 284 Ill. 214, *Seggebruch* v. *Industrial Com.* 288 id. 163, and *Storrs* v. *Industrial Com.* 285 id. 595, as supporting the conclusion that the act was applicable. Even leaving out of consideration the fact that plaintiff in error in the present case operated a hotel at Wheeling, he owned several adjacent buildings in Chicago. These buildings contained stores and apartments which he rented for income. He testified that on occasion he painted the buildings, did carpenter and plumbing work there, maintained them and kept them in good repair. While employed in remodeling work in preparation for their further rental Jackowski sustained an accidental injury. So far as the question of employer and employee being within the terms of the act is concerned,

in its essential particulars the present case does not differ from the *Davis case*. Other pertinent authorities which may be cited in this connection are *Manton v. Cantwell*, 123 L. T. R. 433, and *Holmen Creamery Ass'n v. Industrial Com.* 167 Wis. 470, 167 N. W. 808.

Plaintiff in error further contends that the evidence does not sustain the finding that Jackowski sustained a total permanent loss of use of his left leg. Dr. L. P. Kuhn testified in detail regarding the condition of the leg as he had found it at previous examinations and submitted a number of X-ray pictures portraying its internal parts. He examined it on the day his testimony was given, and stated that there was still a large open wound across the dorsum and another open wound on the outer portion of the leg, and that Jackowski had an osteomyelitis and complete ankylosis of the ankle joint. He further testified that Jackowski was unable to do any kind of work, and that the left foot, or a portion of the left leg, ought to be amputated, and that unless this were done he would not be able to work. While Dr. D. A. Orth, who also testified, referred to the possibility of "corrective methods" which might permit Jackowski to go back to doing some kind of work, he testified that only time would tell whether the leg would improve any; that at the time of testifying Jackowski was not able to do any work, and that looking at his condition as it existed at that time, in his opinion it was permanent. We would not be warranted in holding that the finding as to disability is against the weight of the evidence.

The judgment of the circuit court is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*