Benjamin H. Franklin *vs.* Maine Amusement Company.

Cumberland.     Opinion, November 15, 1934.

*Bernstein & Bernstein,* for plaintiff.
*William B. Mahoney,*
*Theodore Gonya,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

THAXTER, J.    This action of tort for personal injuries is before us on the plaintiff's exception to the direction by the presiding Justice of a verdict for the defendant.

The plaintiff, a vaudeville actor, was injured while carrying on his act on the stage of Keith's Theatre in Portland, which was controlled and operated by the defendant. The plaintiff's engagement called for three performances a day for three days, and the accident happened during the last performance. The act was billed as "Trifles With Rifles in Class and Speed," and was an exhibition of marksmanship carried through with great rapidity. It consisted of shooting a piece of chalk from his assistant's mouth, shooting out candles, shooting a cape from a woman's back, and several other feats, which unquestionably required not only a high degree of skill, but a steady nerve and strict attention to the work at hand. In the six minutes, during which the act continued, there were fired approximately a hundred and fifty shots. In one of the features the plaintiff ran from the wings on the left of the stage as the audience faced it, and, as he neared the opposite side, sliding on his feet and leaning backwards on his left hand, he fired at a target in the back of the stage. According to his story, as he was doing this stunt, his feet struck a wet spot on the stage, and he was thrown forward so suddenly that his left leg was broken. His claim is that this dampness was caused by water, which had not been wiped up, spilled on the stage in an earlier act, which went on about two hours and a half before his. It appears that in this act some water was spilled. The defendant contends that the amount was less than a teacupful, and was dropped on the opposite side of the stage from where the plaintiff was injured. The plaintiff claims that the water was left on different parts of the stage and in a much larger amount. It is

apparently conceded that the stage between acts was in the control of the defendant, and that it was its duty to do whatever was necessary to clean it at the conclusion of each act and to prepare it for the one to come. The plaintiff testified that on previous occasions the water had been mopped up at the conclusion of the act in question. However that may be, it seems to be unquestioned that on the night of the accident this precaution was not taken. The defendant argues that in a steam heated theatre the small amount of water left would disappear in two and a half hours. The plaintiff's own testimony, that of his stepdaughter, who assisted him, and of his chauffeur is that the stage was damp where he fell. The defendant does not seriously maintain that this particular question was not for the jury. The principal claim is that this dampness was not such a hidden danger as to render the defendant liable, and that the plaintiff was himself negligent in not observing the condition of the stage.

The plaintiff was not an employee of the defendant. He was an independent contractor, an invitee; *Miller & Rose et al* v. *Industrial Commission of Wisconsin and Rich*, 195 Wis., 468, 218 N. W., 716; *Edwards* v. *Alhambra Theatre Company*, 198 Wis., 228, 224 N. W., 104; and as such the defendant owed him the duty to have the stage on which he was to perform free from all hidden defects, which by the exercise of reasonable care could have been discovered and guarded against. *Indermaur* v. *Dames*, L. R. 1 C. P., 274; *Mayhew* v. *Sullivan Mining Company*, 76 Me., 100; *Low* v. *Grand Trunk Railway Company*, 72 Me., 313. It must be borne in mind that in speaking of hidden defects we use a relative term. What may be apparent in the daytime may become a pitfall in the darkness or when the light is dim; and, likewise, a condition obvious to one with an opportunity to investigate, may be a trap to him who is precluded by the nature of his work from making a careful examination. *Low* v. *Grand Trunk Railway Company*, supra.

The case before us is with respect to the defendant's negligence not unlike *Brown* v. *Rhoades*, 126 Me., 186, 137 A., 58, in which the sufficiency of a declaration was challenged by a demurrer. The declaration alleged in substance that the defendant was the operator of an amusement parlor in which there was a steep chute extending from the ceiling to the floor. The plaintiff, a child, who

was wearing rubber sneakers, in sliding down this chute attempted to check his speed by bracing his feet. The friction was so great that his momentum was suddenly stopped, and he was thrown and injured. The opinion of the court holds that on the admitted facts different inferences could be drawn as to the duty of the defendant to warn a child of tender years of such a danger, and that the issue should be submitted to a jury for determination. In other words, the risk may have been a hidden one to this child because of his immaturity; in the case before us the plaintiff claims that it was hidden from him because of the conditions under which he was forced to operate.

Likewise the extent of the plaintiff's obligation to exercise care for his own safety is measured by the particular circumstances connected with his work. In so far as he himself had the opportunity to examine approaches, equipment, and the place where his act was to be carried on, he and not the management may be responsible for his failure to guard against a dangerous situation.

In this case it seems to us that these issues were all for the jury. Was there in fact a damp spot on the floor? Was this the cause of the accident? Was it a risk which the plaintiff assumed as naturally incident to his work, or a condition for which the management was answerable? Also the jury must decide the issue of his own due care. If his contention is correct that he fell on that part of the stage known as the apron, which was concealed from him by the curtain as he prepared for his act, should he have taken precautions before making his slide to see that conditions were safe for him?

It was the province of the jury to pass on the conflicting testimony in this case, and to draw inferences from such facts as should be proved or admitted.

*Exception sustained.*