24283. CONTINENTAL CASUALTY CO. *et al. v.* HAYNIE.

Decided August 15, 1935.

Neely, Marshall & Greene, for plaintiffs in error.
Don K. Johnston, contra.

MacIntyre, J.   Haynie filed claim for compensation under the workmen's compensation laws of this State against Foremost Dairies Inc.   Continental Casualty Company carried the compensation insurance for said corporation.   Claimant was awarded compensation, and this award was approved by the full board of the Department of Industrial Relations.   On appeal to the superior court that judgment was affirmed and the appeal denied, and the insurance carrier and the alleged employer excepted.

1.   The conception underlying workmen's compensation is one of insurance.   The scheme is equivalent in its results to a species of insurance in favor of workmen.   The principle underlying the act is one more akin to insurance at the expense of the employer of the workman against accidents arising out of and in the course of the workman's employment than to the imposition on the employer of liability for anything for which he might reasonably be made answerable on the ground that he ought to have foreseen and prevented it.

2.   Compensation and the right thereto are based solely on the fact of employment, the liability likewise arising out of the relationship of employer and employee, and the rights and duties of the respective parties under the compensation act arise out of, and are incidental to, the contract of employment.   See Cudahy Packing Co. v. Parramore, 263 U. S. 418 (44 Sup. Ct. 153).   The intent of the act was to secure compensation to workmen for the perils of their employment, the risk of which it had been previously thought they assumed as a part of the contract of employment, for which they were rightly or wrongly supposed to be compensated by their wages.   In any event, the right of the statutory compensation is a part of the compensation of the employee for services rendered. It is one of the necessary expenses of the business against which the employer must protect himself the same as he does in the daily, weekly, or monthly wages regularly paid out to his employees.

3.   The workmen's compensation act forms a legislative response to a public demand that a system be afforded whereby employers and employees might escape from personal injury litigation, and every employee not guilty of wilful misconduct might receive at once a reasonable recompense for injuries accidentally received in his employment under fixed rules and without friction.   Mulhall v. Nashua Mfg. Co., 80 N. H. 194 (115 Atl. 449).   The great object

or theory of the workmen's compensation laws is to shift the burden of economic loss, entailed by personal injuries to workmen necessarily accompanying modern industrial operations, from the employee to the industry, in order that it may ultimately be borne by the consumer as a part of the necessary cost of production, rather than by the one particular establishment in which the employee was working while injured. See 71 C. J. 245, § 15; *U. S. F. & G. Co.* v. *Stapleton,* 37 *Ga. App.* 707 (141 S. E. 506). Its fundamental purpose is that the industry or employment which requires human agency for its operation should look to the care and upkeep of that agency, and afford speedy and inexpensive relief to injured employees without resort to litigation in the law courts. *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810 (129 S. E. 75).

4. So the workmen's compensation act is to be construed and interpreted by the courts in the light of, or so as to promote, its purposes and objects, with reference to its subjects, and in the light of, or so as to remedy, the ills or evils that the act was intended to remove. Such act is remedial and has a beneficent purpose, and it should be accorded a liberal and broad construction or interpretation in order to promote or effectuate its purposes. *Van Treeck* v. *Travelers Ins. Co.,* 157 *Ga.* 204 (121 S. E. 215); *Austin Brothers Bridge Co.* v. *Whitmire,* 31 *Ga. App.* 560 (121 S. E. 345); *Pridgen* v. *Murphy,* 44 *Ga. App.* 147 (160 S. E. 701). The act should be given interpretation for the benefit of and in favor of the employees and their dependents. The act should be held to include all employments and services which can reasonably be said to come under its provisions, though a forced construction of the wording thereof to accomplish this will not be indulged in. See *Pridgen* v. *Murphy,* supra. The definition of "employee" contained in the compensation act, as to who shall be deemed employees, is to be broadly or liberally construed in order to effectuate the purpose of the legislation, and to the end that in a doubtful case an injured employee may not be deprived of the benefits of the act. "We should not construe the act to exclude . . the employee from participation of the benefits therein, unless the language is so plain as to dictate otherwise." *Gunnoe* v. *Glofora Coal Co.,* 93 W. Va. 636 (117 S. E. 484, 487); 71 C. J. 417, § 160.

5. Any person whose employment is not in the usual course of a trade, business, profession, or occupation of his employer, or is

not incidental thereto, is excluded from the right to compensation under the express provisions of the workmen's compensation law of this State. Under section 2(b) of the compensation act (Code of 1933, § 114-101), an "employee" includes "every person . . in the service of another under any contract of hire . . written or implied, except one whose employment is not in the usual course of the trade, business, occupation, or profession of the employer." Under section 15 (Code of 1933, § 114-107), the exclusion from the act applies only to "employees not in the usual course of the trade, business, occupation, or profession of the employer or not incidental thereto." Ga. L. 1920, pp. 167, 177; Ga. L. 1925, pp. 282, 283.

(*a*) Therefore a carpenter who is engaged with others to aid in the alteration, repair and enlargement of the offices of a corporation doing a dairy business, which offices are essential to the successful carrying on of such trade or business in an efficient and modern manner, and who will not be retained after the completion of such carpenter work, comes within the workmen's compensation act as an "employee" in the service of the dairy corporation, whose employment is "in the usual course of the trade, business, . . of the employer" or "incidental thereto." See, in this connection, *Maloney* v. *Kirby,* 48 *Ga. App.* 252 (172 S. E. 683); *City of Waycross* v. *Hayes,* 48 *Ga. App.* 317 (172 S. E. 756); Hendrickson v. Com., 215 Cal. 82 (8 Pac. (2d) 833); Globe Ind. Co. v. Com., 45 Cal. App. 328 (187 Pac. 452); Klumpp v. Com., 107 Cal. App. 733 (291 Pac. 456); Wagner v. Wooley, 85 Ind. App. 259 (152 N. E. 856); Hill's Case, 268 Mass. 491 (167 N. E. 914); Carter v. Dyer, 186 Minn. 413 (243 N. W. 436); Bosel v. Henderson Holding Co., 167 Minn. 72 (208 N. W. 421); Dietz Club v. Hiehaus, 110 Neb. 154 (193 N. W. 344); Nedela v. Mares Auto Co., 106 Neb. 883 (184 N. W. 885); Commercial Standard Ins. Co. v. DeHart (Tex. Civ. App.), 47 S. W. (2d) 898; Hasenfus v. Com., 184 Wis. 281 (199 N. W. 158); Rogalski v. Industrial Com., 342 Ill. 37 (173 N. E. 813).

(*b*) As typical cases as to when one can not be considered such an employee, see *Hartford Accident & Indemnity Co.* v. *Thompson,* 167 *Ga.* 897 (147 S. E. 50); Tunnicliff v. Bettendorf, 204 Iowa, 168 (214 N. W. 516).

(*c*) The fact that the corporation employed one King to su-

perintend the work of repairing and altering its offices, giving to him the right to employ such help as he needed to complete this work, and that King employed claimant, a carpenter, and others, for this purpose, claimant performing his work under the direct supervision and control of King, does not exclude the claimant under the facts of this case. The manager of the Foremost Dairy testified: "Q. Your arrangement was that Mr. King was to be your foreman? A. Yes, sir. Q. He was to hire your men? A. Yes, sir. Q. And pay them, the men? A. Yes, sir. Q. You were to furnish the money and buy the material? A. Yes, sir."

6. The plaintiff in error contends that "even if Mr. Haynie were considered an employee engaged in the usual course of the trade, business, or occupation of the Foremost Dairies Inc., his injury was confined to a specific member, such as is provided for in section 32 of the Georgia workmen's compensation act, and that as a consequence, the Department of Industrial Relations did not have the power or authority to make an award at the total-disability rate in excess of the ten-weeks healing period." This contention was decided adversely to the plaintiff in error in *Liberty Mutual Insurance Co.* v. *Clay,* 180 *Ga.* 294 (178 S. E. 736).

7. Applying the foregoing rulings, the judge of the superior court did not err in affirming the award of the Board of Industrial Relations and in denying the appeal of the insurance carrier and the employer therefrom.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*