NORA J. LANDER *vs.* SEARS, ROEBUCK AND COMPANY.

Penobscot.    Opinion, December 20, 1945.

*Abraham Stern,*

*Charles P. Conners,* for the plaintiff.

*James E. Mitchell,* for the defendant.

SITTING: THAXTER, HUDSON, MANSER, MURCHIE, JJ. AND CHAPMAN, ACTIVE RETIRED JUSTICE.

MURCHIE, J. This case, brought forward by plaintiff's exceptions to the direction of a verdict for the defendant, presents the single issue whether a storekeeper is negligent in permitting customers to enter a store, having a floor which becomes slippery when weather conditions are such that water or moisture will be tracked in upon their footwear, without protecting them from the hazard of slipping by the use of mats or other materials under such circumstances or by keeping the floor dry through mopping. A wet floor inevitably results when customers in large numbers enter a store from the street when rain or snow is falling, or the ground outside is covered with melting snow. The facts with which we deal show that the plaintiff slipped and fell in defendant's store in the early afternoon of December 18, 1943, the weather being mild, with snow, ice and slush covering the highways and sidewalks which provided access to the premises. Every customer who entered, including the plaintiff, must have tracked moisture into the store and onto its floor.

The allegations of negligence concerning which evidence was introduced are that the surface of the floor at the time the plaintiff was injured was wet, very slippery and unsafe; that it

was hazardous whenever water or moisture was permitted to remain thereon; and that temporary mats or covers should have been provided under prevailing weather conditions, or arrangements made to keep the surface dry by mopping. Additional allegations, entirely unsupported by testimony, are that the floor was surfaced with "linoleum or other like smooth material"; that a "particular location" of the aisle where the plaintiff fell contributed to her fall; that the defendant or its servants knew, or ought to have known, of the hazard, in the exercise of due care; and that the duty of the defendant was "to see that the floors of its . . . store were in a safe condition to be walked upon."

The applicable law is established. It is stated with great clarity in an annotation covering more than 50 pages commencing at 100 A. L. R., 710, at page 711:

> "The proprietor of a store or shop owes a duty to his invitees to exercise reasonable, ordinary, or due care to keep his premises reasonably safe for their use."

This is consistent with the statement of the rule set forth in 38 Am. Jur. 754, Par. 96, and with many decided cases cited in the annotation aforesaid and in a footnote to that text. It has been declared the law in this jurisdiction. *Thornton* v. *Maine State Agricultural Society*, 97 Me., 108, 53 A., 979, 94 Am. St. Rep., 488; *Graffam* v. *Saco Grange Patrons of Husbandry*, 112 Me., 508, 92 A., 649, L. R. A., 1915 C632. A storekeeper is not held to insure his patrons against injury while on his premises. *S. S. Kresge Co.* v. *Fader*, 116 Oh. St. 718, 158 N. E., 174, 58 A. L. R., 132; *Bader* v. *Great Atlantic & Pacific Tea Co.*, 112 N. J. L., 241; 169 A., 687. The distinction between his duty and that of an insurer was well drawn by Mr. Justice Farrington in *Charpentier* v. *Great Atlantic & Pacific Tea Co.*, 130 Me., 423, 157 A., 238, when he said, in speaking of the duty of a railroad to its employees:

"It does not undertake to provide a reasonably safe place ..., but it does undertake to use due care to do so, and that is the measure of its duty."

The issue presented by the exceptions is the application of this law to the facts of the present case. Those facts can not be said to be in dispute although the evidence discloses conflicts of testimony as to whether the surface of the floor at the point where plaintiff fell was wet or dry, the exact location of that point, and whether plaintiff was passing it for the first time that day or had passed it once and was retracing her steps. In considering the propriety of a directed verdict all such conflicts must be resolved in the manner most favorable to the plaintiff. *Howe* v. *Houde*, 137 Me., 119, 15 A., 2d., 740; *Barrett* v. *Greenall*, 139 Me., 75, 27 A., 2d., 599; *Jordan* v. *Maine Central Railroad Co.*, 139 Me., 99, 27 A., 2d., 811. We must pass upon the exceptions on the assumption that the jury would have found that the plaintiff fell where and as she deposed, while walking in the direction she asserted, and that the floor at that point was wet and slippery, but if the evidence viewed thus favorably would not warrant a jury finding that the defendant had not exercised "reasonable, ordinary, or due care to keep his premises reasonably safe" for the use of its customers, to repeat the essential language of the quotation from the A. L. R., annotation *supra*, it was proper for the Justice before whom the case was tried to direct a verdict for the defendant, as he did. *Heath* v. *Jaquith*, 68 Me., 433; *Bennett* v. *Talbot*, 90 Me., 229, 38 A., 112; *Johnson* v. *Portland Terminal Co.*, 131 Me., 311, 162 A., 518; *Scannell* v. *Mohican Market*, 131 Me., 495, 160 A., 777. This principal is of general application. *Hathaway* v. *Chandler and Co. Inc.*, 229 Mass., 92, 118 N. E., 273; *Johnson* v. *Pulidy*, 116 Conn., 443, 165 A., 355; *S. S. Kresge Co.* v. *Fader*, supra; 38 Am. Jur. 763, Par. 102. The propriety of a nonsuit ordered by the Court is tested in the same manner. *Spickernagle* v. *C. S. Woolworth & Co.*, 236 Pa. St. 496, 84 A., 909, Ann. Cas.

1914 A., 132; *Schnatterer* v. *Bamberger et al.*, 81 N. J. L., 558, 79 A., 324, 34 L. R. A., N. S., 1077, Ann. Cas. 1912 D., 139, 1 N. C. C. A., 669.

A jury might have found that the fact of plaintiff's fall in the aisle of defendant's store proved it was not a safe place, or even a reasonably safe place, for her unless it believed that the fall resulted from her own negligence in whole or in part. Whether the floor was in fact safe, or reasonably so, is not the issue, but rather whether the defendant is chargeable with negligence for a failure to use reasonable and ordinary or due care to that end. There is no complication resulting from the presence of some foreign substance other than moisture on the floors when it would be necessary to determine whether the proprietor knew of its presence or was chargeable with notice of it because of its presence for a sufficient period of time.

Plaintiff fell on a floor made slippery by water and melting snow and ice tracked thereon by customers entering the premises, as she did, to buy goods. That the floor was wet and slippery must be regarded as established since there is evidence to that effect which a jury might have accepted as true, notwithstanding testimony of opposite effect. There is no evidence however that the floor covering was linoleum or other like smooth material; that it was more slippery than store floors generally under the prevailing weather conditions, or that the defendant or its servants had knowledge of its condition prior to the time of the plaintiff's fall. "For all that appears" in the evidence, to quote the California court in *Neil* v. *Bank of America National Trust & Savings Association* (Cal.), 104 P., 2d., 107, the plaintiff may have tracked into the store the very moisture "which caused her to slip and fall."

The plaintiff cites us to numerous cases wherein the question whether one in the position of the defendant had used due care to have its premises reasonably safe was declared to be a question of fact for jury determination. Some of these, such as our own, *Franklin* v. *Maine Amusement Co.*, 133 Me., 203, 175

A., 305, and *Shaw* v. *Piel*, 139 Me., 57, 27 A., 2d., 137, are so clearly distinguishable from a floor made wet or slippery by moisture tracked in on a rainy day as to need no comment. Seven involve moisture tracked in as in the present case, but all of these disclose some basis for asserting liability on the part of the storekeeper other than mere slipperiness. In three of the seven, *Flora* v. *Great Atlantic & Pacific Tea Co.*, 330 Pa., 166, 198 A., 663; *Bankhead* v. *First National Bank in St. Louis* (Mo., App.), 137 S. W., 2d., 594; and *Smith* v. *Sears, Roebuck and Co.* (Mo., App.), 84 S. W., 2d., 414, the fact that the owner or occupant of the premises realized there was a hazard of slipping confronting his customers on rainy days was apparent from an established practice of keeping the floor dry by mopping and the issue was whether due care had been taken to guard customers against a known hazard, yet in the Pennsylvania case the issue was said to be "admittedly a very close one." Another, *Lyle* v. *Megerle*, 270 Ky., 227, 109 S. W., 2d., 598, is typical of a large number of cases where the hazard of mere wetness was increased by an additional complication. In the particular case it was mud and soot making the accumulation on the floor "very slick." Yet in setting aside a verdict directed for the defendant it was emphasized that the slippery condition had existed so long on the day of the injury complained of that the proprietor of the shop had had opportunity to remove the hazard or guard against it. The decisions in *Taylor* v. *Northern State Power Co.*, 196 Minn., 22, 264 N. W., 139; *Picariello et al* v. *Linares & Rescigno Bank*, 127 N. J. L., 63, 21 A., 2d., 343; and *Blake* v. *Great Atlantic & Pacific Tea Co.*, 266 Mass., 12, 164 N. E., 486, do not depend either on the presence of a foreign substance, other than moisture, on the floor or on a hazard continued so long as to render the proprietor chargeable with notice or knowledge, although in both the Minnesota and Massachusetts cases the practice of waxing in one instance and oiling in the other had made the floor surfaces more slippery than would have been the case with moisture

alone, and the opinion in the New Jersey case records that the plaintiff was the second customer of the bank to slip in the snow and water on the floor on the day of her injury. That this was known to the bank officers is not stated.

Extensive annotations dealing with the question of liability for injuries due to slippery floors are found in 118 A. L. R., Pages 425 to 458, and 13 N. C. C. A. (N. S.), Pages 619 to 710. Six of the seven cases above referred to are discussed in one or the other and the seventh, *Smith* v. *Sears, Roebuck and Co.*, supra, is considered in an earlier annotation, 1 N. C. C. A. (N. S.), 499, at 513. No one of the cases (or any other to which we have been cited) goes so far as it would be necessary to go on the instant facts to hold this defendant liable for the injuries suffered by the plaintiff as the direct result of the fall of which she complains. There is no evidence that the defendant knew or should have known that the condition of its floor was hazardous or that any foreign substance, other than that which every customer entering including the plaintiff was tracking in, increased the hazard caused by moisture alone. There is no evidence that the floor was more slippery that it would have been if surfaced with any material standard for use as the flooring in a mercantile establishment in the locality. There is none as to inadequate lighting (see *Judson* v. *American Railway Express Co.*, 242 Mass., 269, 136 N. E., 103), faulty construction or improper counter arrangement. The defendant was doing business on a day when the conditions of nature outside and the entry of customers into its store necessarily carried moisture onto the floor. It cannot be said on the evidence contained in the record that its agents or servants were not exercising reasonable care to guard its customers against any risk which was known to them or should have been foreseen by them. It was proper to direct a verdict for the defendant.

*Exceptions overruled.*