GERTRUDE A. TEMPLE
*vs.*
THE CONGRESS SQUARE GARAGE, INC.

Cumberland.    Opinion, August 7, 1950.

*Wilfred A. Hay,*
*Charles A. Pomeroy,* for plaintiff.

*Robinson, Richardson & Leddy,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

WILLIAMSON, J.    This tort action for personal injuries is before us on exceptions to the direction of a verdict for defendant.

Plaintiff, a woman eighty years of age, at about noon on June 15, 1948 entered defendant's apartment house to visit a friend at the latter's invitation. On leaving the elevator at the third floor to walk along the hall, plaintiff was warned by a tenant who was operating the self-service elevator that, to use plaintiff's words, "The janitor had just washed the floor and I must be very careful."

Light reached the hall from three windows on plaintiff's right; one in the shaft of the elevator which had an open grille front, and one opposite each of two stair landings. There was also a forty-watt electric light in the ceiling between the elevator and the friend's room.

At a point opposite the door of the friend's room and about fourteen feet from the elevator, plaintiff slipped and fell, suffering severe injuries. She testified, "I didn't know what I stepped on I went down so quickly, but when I was lying on the floor I looked and there was water on the floor"—"enough to wipe up," and it was "about where I fell." Plaintiff also said that she did not see any water on the floor before her fall. "I was not looking for it," and again "I wasn't looking down. I was walking with my head up and wasn't looking for anything like that." Although there is no direct evidence that plaintiff slipped on a spot of water, nevertheless we assume for the purposes of this case that a jury would have been warranted in finding by inference that plaintiff slipped on a spot of water which the janitor had failed to remove in mopping the floor. The linoleum floor had been washed with hot soapy water and mopped by the janitor about twenty minutes before the accident.

The issues before us are whether a jury would be warranted in finding both that the defendant was negligent and that the plaintiff was in the exercise of due care, taking the evidence and inferences in the light most favorable to the plaintiff. It is with this rule in mind that we have summarized the facts.

The rule was clearly stated by Chief Justice Savage in *Johnson* v. *New York, New Haven & Hartford R. R.*, 111 Me. 263 at 265, 88 A. 988 at 989 (1913) :

> "Upon exceptions to an order of nonsuit or of verdict for the defendant, the duty of the court is simply to determine whether, upon the evidence, under the rules of law, the jury could properly have found for the plaintiff. We are not called upon to express our own judgment of the probative force of the testimony. Whatever our own conclusions might have been, if there was evidence which the jury was warranted in believing, and upon the basis of which honest and fair minded men might reasonably have decided in favor of the plaintiffs, then the exceptions must be sustained. In such a case it is reversible error to take the issue from the jury."

*Bubar* v. *Bernardo*, 139 Me. 82, 27 A. (2nd) 593 (1942) ; *Shaw* v. *Piel*, 139 Me. 57, 27 A. (2nd) 137 (1942) ; *Lander* v. *Sears, Roebuck & Co.*, 141 Me. 422, 44 A. (2nd) 886 (1945) ; *Pease* v. *Shapiro*, 144 Me. 195, 67 A. (2nd) 17 (1949) ; *Torrey* v. *Congress Square Hotel Co.*, 145 Me. 234, (July 1950).

Plaintiff's status as an invitee on defendant's premises is not questioned. The defendant owed a duty to plaintiff to exercise due care to have its premises in a reasonably safe condition and to give warning of latent or concealed perils. *Lander* v. *Sears, Roebuck & Co., supra; Manning* v. *Sherman,* 110 Me. 332, 86 A. 245 (1913) ; 118 *A. L. R.*, note, 425, 426; 38 *Am. Jur.* 754 and 762; 52 *C. J. S.* 58; 65 *C. J. S.* 521.

The plaintiff asserts defendant was negligent in failing:

(1)  to maintain the floor in a reasonably safe condition,

(2)  to warn of dangerous conditions not apparent to plaintiff, and

(3)  to maintain proper lighting.

The floor in our judgment was clearly maintained in a reasonably safe condition. The floor was in the condition which one would normally expect to find a short time after it had been washed with hot soapy water and dried with a mop. It is within common knowledge that a recently washed floor is wet and slippery and that after washing floors are not wiped entirely dry. To say that negligence could be based upon a failure to remove all spots of water in washing a floor would be to establish an unreasonable standard far above that of our everyday experience.

There was no negligence on the part of the defendant in failing to warn plaintiff of dangerous conditions not apparent to her. When plaintiff stepped from the elevator, she had warning that the floor was wet and slippery. The dangerous condition—and every wet and slippery floor constitutes a hazard—was known to her. The plaintiff did not, for example, fall into a hole hidden from view. There was no latent or concealed peril in this instance. Indeed, if defendant had the duty under the circumstances to warn plaintiff that the floor had been recently washed, it cannot be said that failure of defendant to give warning was a proximate cause of the accident. Plaintiff, in fact, had warning and by whom she was warned is not material.

Turning to the question of inadequate lighting, it appears that, if such were the fact, it was not a cause of the accident. Plaintiff did not look at the floor and one who fails to look cannot well complain of lack of light.

A jury would not be warranted in finding negligence on the part of the defendant on any of the grounds asserted.

No more would a jury be warranted in finding the plaintiff free from contributory negligence. Plaintiff accepted the risks and hazards of walking on a recently washed floor. No urgency existed so far as the record discloses that compelled her to proceed from the elevator to the friend's room. Had plaintiff watched her step, she would have seen the

spot of water which she argues was an additional hazard. If it be said the light was inadequate, she should not have walked from the elevator toward her friend's room. On this view with full warning that the floor had been recently washed, she chose to proceed although she could not see where she was going.

In the exercise of due care plaintiff could not rely upon perfection by defendant or its agents in washing and mopping the floor. As a reasonably prudent person under the circumstances she should have anticipated that there might be wet spots which, if she were to proceed safely, she must take care to avoid.

The case may be distinguished from *Franklin* v. *Maine Amusement Co.*, 133 Me. 203, 175 A. 305 (1934) and *Torrey* v. *Congress Square Hotel Co., supra,* in which exceptions were sustained to the direction of verdicts for the defendants.

In the *Franklin* case an actor slipped on a wet spot on the stage and in the *Torrey* case a customer fell on a step in a cocktail lounge. It is apparent that the factors which make for negligence or due care in these situations differ materially from the factors present in the case of the invitee who chooses to walk upon a floor known to have been recently washed and to be slippery.

The presiding justice properly directed a verdict for the defendant.

The entry will be:

*Exceptions overruled.*