**Philip JAMIESON et al.**

v.

**LEWISTON–GORHAM RACEWAYS, INC.**

Supreme Judicial Court of Maine.

Feb. 9, 1970.

Dana W. Childs, Ronald A. Wallace, Portland, for plaintiffs.

Trafton, Scales & Smith by Jack O. Smith, Auburn, for defendant.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE, WEATHERBEE and POMEROY, JJ.

WILLIAMSON, Chief Justice.

This action in tort is before us on appeal by the plaintiff from the direction of a verdict for the defendant. The plaintiff contends that the Justice below erred in not submitting to the jury the issues of whether the defendant was negligent, and if so, whether the negligence was the proximate cause of plaintiff's injuries.

Under the familiar rule we take the evidence in the light most favorable to the plaintiff. The jury could have found as follows:

The defendant is the proprietor of a race track. The plaintiff, a driver with about six years experience, in the course of a race was thrown from his sulky into a drainage ditch. The plaintiff describes the accident in these words:

"A  And coming through the stretch in front of the grandstand I was moving to the front, and I was in trouble then. The mare was grabbing on, choking. Up the back side I would be setting second. And I tried to put the mare in behind. The front horse opened up a—oh, three or four lengths, and I tried to go in behind him but I couldn't. The mare was very unruly. And at the top of the stretch I was still setting alongside the lead horse. But as we got down the stretch she started bearing in toward the rail, and just at the wire or a few feet beyond went through the rail.

"Q  Now, do you know what caused this horse to go through the rail?

"A  Well, the only reason I know, she was choking."

The rail, known as a "hub rail" and almost twenty inches high, was on the inside of the track.

The plaintiff further testified:

"Q  Now, was the horse still going when you went into the ditch? Was she running at this time?

"A  Oh, yes. She seemed to hit the fence and just flop over into the ditch. She don't—I think, far as I can tell, it happened so fast, when she hit the fence she just flopped over into the ditch. But I went ahead of her.

"Q  You went over the horse? Is that what you're saying?

"A  No. The bike—when the bike would hit the fence it, you knock you ahead of her and up into the air and into the ditch, and she came in behind.

"Q  Have you while in your experience driving horses, have you gone through the hub rails before?

"A  Oh, yes.

"Q And what happened in the past when you've gone through a hub rail?

"A Nothing, Just, most of the time they keep their—stay right on their feet. Sometimes I've had them jump the fence and never lose their footing. Never lose their footing."

The plaintiff urges that the defendant was negligent in maintaining a drainage ditch about four feet in width and from two to six feet deep at the place of the accident. The evidence fully supports the view of the Justice below that there was no negligence on the part of the defendant, or more narrowly that the ditch was not a proximate cause of the plaintiff's personal injuries.

 The plaintiff as a driver in the race was an invitee at the track. Hoyt v. Fair Association, 121 Me. 461, 468, 118 A. 290. The defendant owed to him a duty to exercise due care to have its premises in a reasonably safe condition and to give warning of latent or concealed perils. Temple v. Congress Sq. Garage, Inc., 145 Me. 274, 75 A.2d 459.

From the evidence it was thoroughly established that it was not unusual for a race horse and sulky to strike the hub rail. Thus the defendant race track proprietor should have had knowledge that a driver, as in this case, might be thrown from the sulky and land beyond the hub rail.

There is, we are convinced, no evidence which would warrant a finding that the maintenance of the drainage ditch was a proximate cause of the accident or of the injuries resulting therefrom.

The evidence, including photographs, shows a ditch to be sure, but nothing to indicate that the plaintiff suffered greater injury from the fall into the ditch than he would have suffered from a like fall upon the infield of the track or a plot of grass.

Liability must be based on a duty owed. Here there was no breach of duty owed to an invitee and hence no liability on the part of the defendant.

The entry will be

Appeal denied.