[Civ. No. 3114.  Second Appellate District, Division One.—December 30, 1919.]

GLOBE INDEMNITY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—EMPLOYMENT AS CARPENTER ON DAIRY FARM—COURSE OF BUSINESS OF EMPLOYERS—EVIDENCE.— In this proceeding involving an award by the Industrial Accident Commission in favor of the widow and minor children of a man who died from injuries received through the giving away of a scaffolding used in connection with the construction of a silo on the dairy farm of the copartners by whom he was employed, the testimony of one of the copartners showed that the engagement of the deceased was in the course of the business or occupation of the copartners.

[2] ID.—ELECTION TO COME WITHIN COMPENSATION LAW — TAKING OUT OF INSURANCE—EVIDENCE.—In this proceeding involving an award by the Industrial Accident Commission against the insurance carrier of certain copartners and in favor of the widow and

---

1. What accident arising out of, and in course of, employment is within purview of Compensation Act, notes, Ann. Cas. 1913C, 4; Ann. Cas. 1914B, 498; Ann. Cas. 1915A, 126; Ann. Cas. 1915C, 779; Ann. Cas. 1916A, 388; Ann. Cas. 1916B, 1293; Ann. Cas. 1916D, 584, 694; Ann. Cas. 1916E, 166; Ann. Cas. 1917D, 195, 199, 209; Ann. Cas. 1917E, 321, 332; Ann. Cas. 1918D, 683; Ann. Cas. 1918E, 813, 1168; L. R. A. 1916A, 40, 232; L. R. A. 1917D, 114; L. R. A. 1918F, 896.

minor children of a man who died from injuries received through the giving away of a scaffolding used in connection with the construction of a silo on the dairy farm of the copartners, the admissions in the answer of the insurance carrier and its stipulations during the course of the hearing showed that such copartners had elected to bring themselves within the provisions of the compensation law, and also that insurance had been taken out thereunder.

[3] ID.—ADMISSIONS IN PLEADINGS AND DURING HEARING—NECESSITY FOR FINDINGS.—Facts admitted in the pleadings or stipulated to be true on the hearing need not be made the subject of a finding.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission. Affirmed.

The facts are stated in the opinion of the court.

H. W. Kidd and A. J. Verheyen for Petitioner.

A. E. Graupner for Respondents.

JAMES, J.—The indemnity company petitioner brought this proceeding for the purpose of obtaining a review of the evidence and findings made by the Industrial Accident Commission under which an award was entered.

Defendants Singleton and Haskell were copartners engaged in the dairy business. Petitioner was the insurance carrier. In September, 1918, A. B. Schrock, by occupation a carpenter, was employed by the copartners. He had been so employed at intervals for a considerable length of time doing cement and carpenter work as required. In the month mentioned he had built a silo on the dairy farm of the copartners and, after a short interval, was called to build a second silo, upon which he was working when the scaffolding gave away, precipitating him to the bottom of the structure and causing a fracture of the skull, from which he died. Compensation was asked for on the part of the widow and minor children and an award was made against the Indemnity Company here complaining.

[1] The first point made is that the engagement of the deceased was both casual and not in the course of the business or occupation of his employers. That it was casual may be admitted; that it was in the course of the business of his employers is fully borne out by the testimony. On

that point, one of the copartners testified as follows:
"Q. Now, these silos that were being built, especially the one on which he was working at the time of his death; for what purpose are they used? A. Well, they are for putting our corn in, to keep the ensilage for the winter. Q. For the manufacture of ensilage for winter feed and that winter feed is fed to milk cows? A. Yes. Q. Part of your business, is it? A. Yes. Q. It is your business to feed cows and produce milk and the work that he was doing was to erect a silo to further that purpose? A. Yes." It would seem that the having of these receptacles for the storing of feed for the dairy cows was as essential to the business conducted by the copartners as the maintaining of barns for the shelter of the animals, or in which hay or other fodder might be kept. This first contention made by petitioner, we think, is so plainly without substantial merit as to deserve no further discussion.

[2] The second point relied upon is that there was no sufficient evidence or finding to show that the employers of Schrock (being engaged in a business expressly exempted from the provisions of the Employers' Liability Act [Stats. 1917, p. 831]) had, as they were permitted to do, elected to bring themselves under the provisions of the act in question. We quote paragraphs 3, 4, and 5 of the findings as follows:

"3. That at the time of said injury said employers were engaged in the occupation of conducting a dairy and said employee was engaged in building a silo for the storing of ensilage for feeding cows at said dairy; that thereafter said employee was at said time engaged in dairy labor within the meaning of section 8 of the Workmen's Compensation, Insurance and Safety Act of 1917; that at said time said employers were insured against liability for compensation under said act by defendant Globe Indemnity Company, a corporation, by a policy which covered the applicant and that therefore the parties hereto were at the time of said injury subject to the provisions of said act and to the jurisdiction of this Commission.

"4. That the employers had knowledge of said injury as defined by section 15 of said act.

"5. That the defendant Globe Indemnity Company, a Corporation, was at the time of said injury the insurance

carrier for said employers and is liable for the full compensation which the employers are liable to pay and that said employers are therefore entitled to be relieved from liability on account of such injury and to be dismissed from this proceeding."

It may be correct to say that by finding 3 an election on the part of the employers to submit themselves to the provisions of the law is not expressly determined, but, even though such an admission be made, the evidence is ample to the point and in that particular takes the form of a stipulation.   [3]   It is unnecessary to cite authorities that facts admitted in the pleadings or stipulated to be true need not be made the subject of a finding.   At page 19 of the record submitted we find that the following occurred while one of the partners was being examined as a witness: "Q. Do you and Mr. Singleton engage in any other business besides that of the dairy business? A. No, only just that ranch up there is what we have together. Q. Have you signed an acceptance of the Workmen's Compensation Law for yourself and for your employees and taken out insurance? A. Yes, we have; we have taken out insurance. The Referee: I suppose you folks will stipulate to that? Mr. Kidd: Yes, I admit that to be a fact." We construe that stipulation to be an admission, both that an election had been made by the employers to bring themselves within the provisions of the compensation law, and also that insurance had been taken out thereunder.   Further than this, the answer of the Indemnity Company petitioner as filed with the commission contained the following admission: "Admits that on or about September 23, 1918, Absalom B. Schrock met with a certain accident by reason of which he was killed, and that when so injured he was in the employ of the defendants W. H. Singleton and James S. Haskell and that at the time of the happening of the said accident and of the death of said Absalom B. Schrock said Globe Indemnity Company had issued and outstanding a certain policy of insurance indemnifying said Singleton and Haskell within the limits expressed in said policy from the liability imposed on them by law under the terms of the Workmen's Compensation, Insurance and Safety Act of the state of California, and that the defendant employers and this answering defendant had due and sufficient notice of the

happening of said accident and of the said death." Again, we find a stipulation in writing made by petitioner in the course of proceedings before the commission, which reads as follows: "It is stipulated that the defendant, Globe Indemnity Company, a corporation, was, at the time of the injury which forms the subject matter of the above-entitled proceeding, the insurance carrier for the employer and had insured the employer against liability for compensation to the employee under the Workmen's Compensation, Insurance and Safety Act of 1917, and is liable for the full compensation which the employer is liable to pay, if any." Throughout the record made at the hearing before the commission, up to the point that a rehearing was asked for, it is not apparent that there was any dispute between petitioner and its adversaries regarding the fact that the employers of Schrock were, in the transaction of their business, amenable to the provisions of the compensation law.

We find no further points made in the brief filed by petitioner which merit or require additional discussion.

The findings and award of the respondent commission are affirmed.

Conrey, P. J., and Shaw, J., concurred.