## Garman *v.* Cambria Title, Savings & Trust Co., Appellants.

*Workmen's compensation—Article 4 Section 427 of Act of June 26, 1919, P. L. 642—Entry of judgment—Appeals—Limit of time to take appeal to Supreme or Superior Court.*

Article 4 Section 427 of the Act of June 26, 1919, P. L. 642 provides that upon the affirmance of an award of the Workmen's Compensation Board, the court of common pleas shall enter judgment for the total amount stated by the award to be payable, and that an appeal to the Supreme or Superior Court must be taken within 30 days after the entry of such judgment.

Where, upon the dismissal of an appeal from an award of the Workmen's Compensation Board the court directs judgment to be entered in favor of the claimant, and later the claimant's attorney

Syllabus—Assignment of Error.    [88 Pa. Superior Ct.

directs the prothonotary to enter judgment upon the same order, an appeal must be taken within 30 days after the entry of judgment by the court.

*Practice—Entry of judgment—Entry of judgment by clerk of court.*

When a court files an order directing its own clerk to enter judgment and the clerk files and enters the order on his docket, that is an entry of judgment by the court itself.

*Workmen's Compensation—Section 309 of the Act of June 2, 1915, P. L. 736—Employee working for two employers—Basis of recovery.*

An employer cannot escape liability because the deceased was working for it and for another employer at the time he was killed.

Section 309 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, recognizes the right of an employee, who is working under concurrent contracts with two or more employers, to recover from the employer liable on the basis of the entire amount of wages earned.

Argued April 21, 1926.    Appeal No. 94, April T., 1926, by Cambria Title, Savings & Trust Company, from order of C. P. Cambria County, June T., 1925, No. 265, in the case of Amanda C. Garman v. Cambria Title, Savings & Trust  Company and American Railway Express Company.    Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.    Appeal quashed.

Appeal from award of Workmen's Compensation Board.    Before Evans, P. J., McCann, J. and Reed, P. J. O. C. specially presiding.

The facts are stated in the opinion of the Superior Court.

The court sustained the award of the Workmen's Compensation Board.    Defendant appealed.

*Error assigned,* among others, was the order of the court.

*H. E. McCamey,* and with him *M. F Trader, Edward Knuff,* and *McCann & Knuff,* for appellant.

*Philip N. Shettig,* for appellee.

*F. J. Hartman* filed a brief for The American Railway Express Company as an interested party.

OPINION BY GAWTHROP, J., July 8, 1926:

This is an appeal by the Cambria Title, Savings & Trust Company from the judgment of the court below dismissing its appeal from the decision of the Workmen's Compensation Board affirming the findings of fact and conclusions of law and award of the referee. The docket entries show that on August 3, 1925, the court below filed an opinion and made the following order: "And now, August 3, 1925, the appeal from the decision of the Workmen's Compensation Board is dismissed." To this order appellant filed exceptions. On August 21, 1925, the court filed with the prothonotary the following order: "Now, to wit: August 17, 1925, pursuant to order made August 10, 1925, overruling exceptions and dismissing appeal in the above case, it is ordered that judgment be entered in favor of Amanda C. Garman, claimant, and against Cambria Title, Savings & Trust Company and American Railway Express Company, defendants, in the sum of Twenty-five hundred ($2,500) Dollars, to be paid in the manner provided by the award of the Workmen's Compensation Referee, to wit: each of said defendants to share equally between them one-half the compensation and expenses of last sickness and burial awarded by the referee and approved by the Workmen's Compensation Board." To this order, which was duly docketed, the appellant filed exceptions. On October 3, 1925, the attorney who then represented the plaintiff filed with the prothonotary of the court below the following order: "Enter judgment for plaintiff in the sum of Twelve hundred and fifty ($1,250 Dollars, being one-half the sum of Eight ($8) Dollars per week for a period of three hundred weeks, beginning October 21, 1924, and one-half of the

funeral expenses of the deceased, in accordance with the opinion filed in the above stated case." On the same day the prothonotary entered a judgment pursuant to this order. This appeal was taken on October 6, 1925. The appellee moved to quash the appeal because it was not taken within thirty days of the entry of the judgment as required by law. Appeals in workmen's compensation cases are regulated by the following provisions of Art. 4, Sec. 427, of the Act of June 26, 1919, P. L. 642: "If the court of common pleas of any county of this Commonwealth shall affirm an award or order of the board or of a referee sustained by the board, fixing the compensation payable under this act, the court shall enter judgment for the total amount stated by the award or order to be payable, whether then due and accrued or payable in future installments...... The prothonotary of any court of common pleas to which an appeal has been taken from the board shall send to the board a certificate of the judgment of the court as soon as rendered, with a copy of any opinion which may be filed in the case. At the end of the period hereinafter allowed for an appeal from the judgment of the court, the record of the board shall be remitted to it by the prothonotary unless an appeal shall have been taken. If such appeal shall be taken, the record shall be remitted to the board by the prothonotary on its return from the appellate court. Any party may appeal to the Supreme or Superior Court from the judgment of the court of common pleas within thirty days after entry of said judgment." It seems very clear that the order of August 3, 1925, dismissing the appeal from the decision of the Workmen's Compensation Board amounted to an affirmance of the award or order of the board; and that the filing and docketing on August 21, 1925, of the order of August 17, 1925, which stated that "it is ordered that judgment be

entered, etc.," amounted to the entry of the judgment which the court of common pleas is directed to enter. That was the final judgment in the court below and the appellant was bound to take his appeal within thirty days from the date of its entry. We are not impressed by the contention of the appellant that the entry made by the prothonotary on October 3, 1925, pursuant to the order of the attorney for the plaintiff, was the only judgment entered in the case. The act of assembly contains no provision for the entry of judgment by the prothonotary on the order of the claimant or his attorney. It directs the court to enter the judgment. This the court below did on August 21, 1925. When the court files an order directing its own clerk to enter a judgment and the clerk files and enters the order on his docket, that is an entry of the judgment by the court itself. It follows that the appeal must be quashed because it was not taken within the time fixed by the statute.

We may add, however, that we have examined the evidence and find it sufficient and competent to sustain the finding that the deceased was injured in the course of his employment by the appellant. The latter cannot escape liability because the deceased was working for it and for another employer at the time he was killed. Sec. 309 of the Workmen's Compensation Act recognizes the right of an employee who is working under concurrent contracts with two or more employers to recover from the employer liable on the basis of the entire amount of wages earned. As the deceased received the greater portion of his wages from the appellant, it is not in a position to complain of an order requiring it to pay fifty per cent of the amount of compensation awarded to the claimant.

The appeal is quashed.