323 P.2d 1104

**James M. GOBER, Appellant,**

v.

**Sam SANDERS, Employer; Mountain States Mutual Casualty Company, Insurer, Appellees.**

**No. 6332.**

Supreme Court of New Mexico.

April 8, 1958.

Mears & Mears, Portales, for appellant.
Lynell G. Skarda, Clovis, for appellees.

SADLER, Justice.

The plaintiff below as an appellant in this Court seeks reversal of a judgment of the district court of Roosevelt County denying him workmen's compensation for an injury said to have been suffered while engaged at work as an employee of defendant in carrying on blasting operations. Sanders, the alleged employer, was insured by Mountain States Mutual Casualty Company. O. L. Quarles was in charge of drilling holes for the blasting. He was held to be an independent contractor by the trial court and, not being subject to Workmen's Compensation Act, 1953 Comp. § 59–10–1 et seq., was dismissed out of the case below. No appeal was taken from that order and he has been dropped from the case in this Court.

A summary of the facts found and conclusions drawn, upon which the trial court based its judgment, will be set forth in narrative form. The findings and conclusions follow.

The Quarles Drilling Company is a partnership composed solely of O. L. Quarles and Raymond Quarles. They contracted with defendant, Sam Sanders, to drill holes at the Sam Sanders Gravel Pit in Roosevelt County, New Mexico.

The drilling of the holes was controlled by Sam Sanders to the extent only of the result but the details, means and methods of drilling were retained by O. L. Quarles or Quarles Drilling Co. James M. Gober, the defendant and appellant in this Court, was an employee of O. L. Quarles or the Quarles Drilling Co. and was not an employee of the defendant, Sam Sanders. O. L. Quarles or the Quarles Drilling Co. was an independent contractor in the relationship to Sam Sanders.

The plaintiff, James M. Gober, was injured on January 1, 1957, while in the course of his employment with O. L. Quarles, or the said Quarles Drilling Co. Mountain States Mutual Casualty Co. is the workmen's compensation insurance carrier for Sam Sanders. O. L. Quarles or Quarles Drilling Co. had but one employee, to-wit, the claimant and plaintiff in this cause, James M. Gober.

From the findings so stated above the court concluded that it had jurisdiction of the parties to the cause. Further, that claimant and plaintiff, James M. Gober, was not a workman and that Sam Sanders was not an employer with respect to James M. Gober within the meaning of the Workmen's Compensation Act of the State of New Mexico. Indeed, the court held O. L. Quarles or the Quarles Drilling Co. was an independent contractor with respect to the defendant, Sam Sanders, and further concluded that the said James M. Gober was an employee and workman of the said O. L. Quarles or Quarles Drilling Co. within the meaning of the Workmen's Compensation Act of the State of New Mexico.

It was while the parties were engaged as aforesaid that the plaintiff and claimant, James M. Gober, was injured in the course of his employment with O. L. Quarles and the Quarles Drilling Co., and not while in the course of any employment by Sam Sanders. It followed from what is held above that a dismissal was in order with respect to Sam Sanders and Mountain States Mutual Casualty Co., a corporation, as the trial court concluded. The court further concluded that neither the defendant, O. L. Quarles, nor Quarles Drilling Co. was subject to liability under the Workmen's Compensation Act of New Mexico and that the plaintiff's claim should be dismissed. Indeed, upon the trial of the cause, it was stipulated by all parties that O. L. Quarles was not subject, as an employer, under the Workmen's Compensation Act of New Mexico. He did not carry the number of employees necessary to subject him to the act.

This left for decision only the question whether the said James M. Gober was an employee of Sam Sanders or the defendant, Quarles. In other words, was Quarles an independent contractor? At the conclusion of the case, the trial judge

69

entertained a very strong conviction that Quarles was an independent contractor and, hence, himself the employer of Gober. The judge stated:

> "It shocks all reason to say there is anything in this record to support a finding that the claimant was an employee of the defendant Sanders. That finding makes it unnecessary to make any other finding pertinent to the case * * *."

The trial court dismissed the claim as to all defendants from which judgment of dismissal the plaintiff prosecutes this appeal.

The defendant, Sam Sanders, was the owner and manager of a gravel pit or quarry located near Portales, in Roosevelt County, New Mexico. The operation of the business consisted of separating the sand and gravel from the dirt and caliche, screening and washing the sand and gravel and after the same had been screened and washed, marketing the sand and gravel to his customers. In order to recover the sand and gravel for cleaning and selling, Sanders would remove the top dirt or caliche by scraping it off, then holes were drilled in the gravel strata and dynamite placed therein. It was later exploded causing the gravel to cave and "level to the pump." The drilling of such holes and the placing of dynamite therein and its conse-

quent explosion was a part of the process in the actual business of Sam Sanders.

It was in connection with this business operation that Sanders entered into a contract with O. L. Quarles for the drilling of the holes in which the dynamite was placed. Sanders employed from 12 to 15 workmen, one of whom was R. C. Burdine, who was foreman of the drilling operations to the extent that he designated the place of drilling holes and the depth of the holes and it was while this drilling operation was being carried on that Gober was injured. He had been employed by Quarles at $1.25 per hour.

The sole purpose of the presence of any employees of Sanders at the drilling site was to put dynamite in the hole before it should cave in. None of his employees knew how to operate a drilling rig. The contract with Quarles called for payment by Sanders at the rate of $12.50 per hour or, roughly, $100 per day which, as counsel for defendant suggest, hardly classifies as a "wage." Quarles was told where to drill and how deep to drill. There were no directions beyond that.

Quarles made his own arrangements with appellant as to compensation, i. e., $1.25 per hour. The plaintiff was paid by Quarles through checks on his own account in the Lea County State Bank. Further, Quarles deducted federal with-

holding tax and social security tax on appellant's wages and filed employer's return with the federal. government. He paid New Mexico emergency school tax on his receipt from Sanders and added such to his statement to Sanders. The parties stipulated that Sam Sanders never paid appellant or carried him as an employee on a payroll or tax return in any way.

Furthermore, Quarles' drilling operations on Sanders' gravel pit constituted only 30 to 40 per cent. of his total business. He did business under the name of Quarles Drilling Company. The actual method of drilling the holes was the decision of Quarles. He was told where to drill and how deep to drill. There is no evidence of any control beyond that under the arrangement of the parties. It seems useless, however, to continue a summary of the facts produced in evidence. They point unerringly to the correctness of the trial court's conclusion that Quarles was an independent contractor.

This court has dealt with several cases involving the relationship of an independent contractor in each of which the question arises whether the injured workman was an employee of the independent contractor or the person carrying on the work. See, Burruss v. B. M. C. Logging Co., 38 N.M. 254, 31 P.2d. 263; Bland v. Greenfield Gin Co., 48 N.M. 166, 146 P.2d 878; Nelson v. Eidal Trailer Co., 58 N.M. 314, 270 P.2d 720, and many other cases cited therein.

See, also, Gogoff v. Industrial Commission of Utah, 77 Utah 355, 296 P. 229; Dennis v. Texas Employers Insurance Association, Tex.Civ.App., 116 S.W.2d 492; Pryor v. Industrial Commission, 186 Cal. 169, 198 P. 1045; Southern Underwriters v. Lloyds America, Tex.Civ.App., 133 S.W.2d 151; Lillibridge v. Industrial Accident Commission, 4 Cal.App.2d 237, 40 P.2d 856.

We find no merit in the claim of counsel that this case falls within the provisions of 1953 Comp., § 59–10–12, particularly subsection "o" thereof. In its very language it excludes the defendant Quarles since he fails to qualify as "a contractor other than an independent contractor" which he was found to be.

We are well convinced that the trial court's findings are supported by substantial evidence and that it announced a correct result based thereon. It follows from what has been said that the judgment of the trial court is correct and should be affirmed.

It is so ordered.

LUJAN, C. J., and McGHEE and COMPTON, JJ., concur.

SHILLINGLAW, J., did not participate.