344 P.2d 173

Tracey BAILEY, Claimant, Plaintiff-Appellee,

v.

Gerald FARR, Employer, and St. Paul Fire and Marine Insurance Company, Insurer, Defendants-Appellants.

No. 6572.

Supreme Court of New Mexico.

Sept. 11, 1959.

Rehearing Denied Oct. 5, 1959.

Gilbert, White & Gilbert, Santa Fe, Keleher & McLeod, Russell Moore, Albuquerque, for appellants.

Walter R. Kegel, Edwin L. Felter, Santa Fe, for appellee.

COMPTON, Justice.

Appellee brought this action against appellant Farr and his insurance carrier, St. Paul Fire and Marine Insurance Company, for compensation under the provisions of the Workmen's Compensation Act for injuries sustained by him in repairing a windmill for appellant Farr. The cause was tried to a jury and a verdict was returned finding appellee suffered partial permanent disability to the extent of fifty per cent by reason of the injuries sustained.

Concerning the facts, appellee at the time was regularly employed by Mountain States Telephone and Telegraph Company at Fort Sumner, working five days weekly. On Saturdays and Sundays he worked at various part time jobs to augment his income, the repairing of windmills being one of these. On Friday, July 19, 1958, he and Farr met by chance at a service station in Fort Sumner. Farr asked appellee if he would work for him the next day, and, upon being advised that he would, Farr told him to come out to his ranch with a Mr. Pennington, who would call for him the next morning. There was nothing said at the time either by Farr or appellee as to terms, time, or the nature of the work to be performed. Appellee knew, however, that he was to repair a windmill and he assumed that it would require no more than one day.

Early the following day appellee, Pennington, and a third party, went to the

Farr ranch, located near Encino, arriving about 7:30 A.M. They started repairing the mill about 8:00 A.M. Appellee, while working on the tower, slipped and fell from the platform upon which he was standing, thereby sustaining the alleged injuries. That he was seriously injured is not questioned.

It is first contended that appellee was an independent contractor, and, second, if not, that his employment being casual, he was not covered by the Act. We first will dispose of the issue as to whether he was an independent contractor.

■■■ In determining appellee's status, the right of control was the test. If he had the right to control the work, he was an independent contractor; if not, he was an employee. Applying this test, we conclude that appellee was an employee. That he may have been exercising that right while actually repairing the windmill does not change his status. Gober v. Sanders, 64 N.M. 66, 323 P.2d 1104; Bland v. Greenfield Gin Co., 48 N.M. 166, 146 P.2d 878; S. H. Kress & Co. v. Industrial Comm., 38 Ariz. 330, 299 P. 1034. It appears from the record that appellants considered appellee's status that of an employee as he was paid compensation benefits for several months. Further, in their answer to his claim, it was admitted that he was in Farr's employment "at the time and place alleged."

■■■ The parties agree that appellee's employment was casual; appellants contending, however, that the employment was not covered by the Act; appellee contends that it was. The pertinent provision of the controlling statute, § 59–10–12(m) (2)e, 1953 Comp., reads:

"Where the employee is paid on a piece-work, tonnage, commission, or any other basis except upon a monthly, weekly, daily, or hourly wage, and where the employment is but casual and in the usual course of the trade, business, profession, or occupation of his employer, the total amount earned by the injured or killed employee, in the twelve (12) months preceding the accident shall be computed, which sum shall be divided by the number of days the injured person was employed during the twelve (12) months immediately preceding the accident, and the result thus ascertained shall be considered the average daily wage of said employee; then the weekly wage shall be determined from said daily wage in the manner set forth in subparagraph (c) hereof."

Consequently, whether the employment was in the usual course of the employer's business is the decisive question. The evidence shows that Farr's business was ranching, raising cattle. For the successful prosecution of that business, water is a prime necessity and, in this case, it was

---

to be produced by means of windmills. It follows that appellee's employment was covered by the Act. S. H. Kress & Co. v. Industrial Comm., supra; Continental Casualty Co. v. Haynie, 51 Ga.App. 650, 181 S.E. 126; Globe Indemnity Co. v. Industrial Accident Comm., 45 Cal.App. 328, 187 P. 452; 2 Schneider, Workmen's Comp., § 279.

Appellants complain of the formula employed by the court in computing weekly benefits. Appellee began working about 8:00 A.M. and the accident occurred about 10:30 A.M. Farr paid him $6 for his services. It is contended that the sum of $6 is the basis the court should have used in computing weekly benefits; whereas, his earnings of $5,248, which included salary received from Mountain States Telephone and Telegraph Company for the preceding twelve months, was the basis used by the court. We think the method used was proper. Section 59–10–12(m) (2)e, supra. There is no evidence that appellee was paid on a monthly, weekly, daily, or hourly basis. See In re Nelson's Case, 333 Mass. 401, 131 N.E.2d 193; K. Lee Williams Theatres v. Mickle, 201 Okl. 279, 205 P.2d 513; Wells v. Industrial Comm., 63 Ariz. 264, 161 P.2d 113; Brown v. Saltillo Borough Council, 137 Pa.Super. 599, 10 A.2d 93; Gruber v. Kramer Amusement Corp., 207 App.Div. 564, 202 N.Y.S. 413.

The record being free of error, the judgment should be affirmed with an additional award to appellee of $750 for the services of his attorneys in representing him in this court.

It is so ordered.

LUJAN, C. J., and McGHEE and MOISE, JJ., concur.

CARMODY, J., not participating.