392 P.2d 9

Jack SHIPMAN and St. Paul Fire and Ma-
rine Insurance Company, Plain-
tiffs-Appellants,

v.

The MACCO CORPORATION, Raymong In-
ternational, Inc., the Kaiser Company, and
Puget Sound Bridge Company, Defendants-
Appellees.

No. 7389.

Supreme Court of New Mexico.

May 4, 1964.

William L. Shaner, Bean & Snead, Roswell, for appellants.

Atwood & Malone, Russell D. Mann, Bob F. Turner, Roswell, for appellees.

MOISE, Justice.

This is an action for damages alleged to have been suffered by plaintiff-appellant because of the negligence of the defendants-appellees.

Defendants allege that plaintiff was their employee and that accordingly he is entitled to workmen's compensation and may not sue in tort. §§ 59–10–5, 59–10–6, N.M. S.A.1953; Royal Indemnity Company v. Southern California Petroleum Corporation, 67 N.M. 137, 353 P.2d 358. The trial court agreed with this position and entered summary judgment in favor of defendants. This appeal followed.

It appears from the pleadings, affidavits and depositions on file that plaintiff was employed by Thomas T. Mann, doing business as Service Company. He was carried on the payroll of Service Company and workmen's compensation insurance was provided by it. The Service Company was in the business of assembling crews for defendants in connection with the engineering layout work necessary in the performance of defendants' contract with the government. The contract between defendants and Service Company was oral, but there is no dispute that it could be terminated by either party at any time. Defendants were obligated to pay Service Company at an agreed rate for all time worked by any of the personnel furnished to them, the rate being somewhat more than Service Company paid the workmen. On the job the personnel were subject to the supervision and direction of one Herbert Clark, defendants' Chief Field Engineer. Any of the workmen furnished by Service Company could be excluded from the job at any time with or without cause.

It is plaintiff's position that whether he was an employee of defendants was a question of fact for the jury and not properly determinable on summary judgment, and plaintiff argues that there is evidence from which a jury could have found that Service Company was an independent contractor under defendants.

There is no question concerning the circumstances under which summary judgment is proper. Our attention is called to Gonzales v. Gackle Drilling Company, 70 N.M. 131, 371 P.2d 605, where we stated that, "The pleadings, depositions and other matters presented and considered by the court, must be viewed in the most favorable aspect they will bear in support of the right to a trial of the issues"; as well as

to Agnew v. Libby, 53 N.M. 56, 201 P.2d 775, in which we held that all reasonable inferences should be construed in favor of the party against whom a motion for summary judgment is directed; and to Hewitt-Robins, Inc., Robins Conveyors Div. v. Lea County Sand & Gravel, Inc., 70 N.M. 144, 371 P.2d 795, where we said, " * * * even in a case where the basic facts are undisputed, it is frequently possible that equally logical, but conflicting inferences may be drawn from these facts which would preclude the granting of summary judgment."

In our view of the case, the rules mentioned above are of no aid to plaintiff.

■ In Burruss v. B. M. C. Logging Co., 38 N.M. 254, 31 P.2d 263, we stated the rules for determining when an independent contractor relationship arose. What was there said was reviewed and quoted in Bland v. Greenfield, 48 N.M. 166, 146 P.2d 878, from which we quote:

"What constitutes an independent contractor, as contra-distinguished from an employee is, often times, difficult to determine. What, in many cases, are considered satisfactory tests, in other cases, under different circumstances, are not satisfactory. For this reason it is manifest that the disposition of each case is controlled by the particular facts of such case. This question has been before this court on several occasions. In Burruss v. B. M. C. Logging Co., 38 N.M. 254, 31 P.2d 263, 264, in commenting upon the general test to be applied in determining whether the relationship of employer and employee, or that of an independent contractor exists, we said:

"'The employee renders personal service. The independent contractor may or may not. In both cases, the employer exercises authority. Beyond doubt the character of such authority or control is the usual and generally accepted test. The result to be achieved by the independent contractor is controlled by the employer. But, when the control descends to the details or to the means and methods of performance, we have a servant or employee. This general test we find variously stated.

"' "An independent contractor is a person employed to perform work on the terms that he is to be free from the control of the employer as respects the manner in which the details of the work are to be executed." Annotation, 19 A.L.R. at page 235.

"' "Generally speaking, an independent contractor is one who exercises an independent employment and contracts to do a piece of work according to his own method, without being subject to the control of the employer, save as to the results of

his work." Honnold on Workmen's Compensation, § 66.

" ' "It has been said that 'the test of an independent contractor is that of rendering service in the course of independent occupation, following the employer's desire in results but not in means.' " Schneider, Workmen's Compensation (2d Ed.) § 37.'

"In De Palma et al. v. Weinman et al., 15 N.M. 68, 103 P. 782, 785, 24 L. R.A.,N.S., 423, we said:

" 'The chief consideration which determines one to be an independent contractor is the fact that the employer has no right of control as to the mode of doing the work contracted for.' "

■ Applying what was there said to the instant facts, we conclude that Service Company was not an independent contractor for the purpose of performing work. Its contract was only for the supplying of personnel or technical crews to do layout work as directed by defendant, and not for the performance of any part of the work. To accomplish this, Service Company assigned its employees to do work for defendants. Cases such as Bailey v. Farr, 66 N.M. 162, 344 P.2d 173; Gober v. Sanders, 64 N.M. 66, 323 P.2d 1104; Bland v. Greenfield Gin Co., supra; American Employers Ins. Co. of Boston, Mass. v. Grabert, 39 N.M. 173, 42 P.2d 1116; and

74 N.M.—12

Burruss v. B. M. C. Logging Co., supra, we do not consider to be controlling.

The real issue here presented is whether plaintiff was an employee of defendants at the time of his injury. This problem has been discussed in numerous cases decided by this court. These include Dunham v. Billy Walker, 60 N.M. 143, 288 P.2d 684; Barber v. Los Alamos Beverage Corporation, 65 N.M. 323, 337 P.2d 394, and very recently, Brown v. Pot Creek Logging & Lumber Company, Inc., 73 N.M. 178, 386 P.2d 602. In these cases we have consistently adhered to the rule announced in Standard Oil Company v. Anderson, 212 U.S. 215, 29 S.Ct. 252, 53 L.Ed. 480, and followed in McLamb v. E. I. DuPont de Nemours & Co., 4 Cir., 79 F.2d 966. In Jones v. George F. Getty Oil Company, 10 Cir., 92 F.2d 255, we find the problem stated in the following language:

"The ultimate test is: Whose is the work being done? Standard Oil Company v. Anderson, supra. In determining whose work is being done, the question of the power to control the work is of great importance (Standard Oil Company v. Anderson, supra), but is not conclusive (Linstead v. C. & O. R. Co. [276 U.S. 28, 48 S.Ct. 241, 72 L.Ed. 453]; Hull v. Philadelphia & R. R. Co. [252 U.S. 475, 40 S.Ct. 358, 64 L. Ed. 670], supra). The identity of the person who, in fact, directs the details of the work and gives the immediate

instructions to the workmen is of comparatively small importance, the power of control referred to being the power to control the undertaking as a whole. McLamb v. DuPont Company, supra; Singer Mfg. Co. v. Rahn [132 U.S. 518, 10 S.Ct. 175, 33 L.Ed. 440], supra."

The distinction we draw lies between Service Company contracting with defendants to perform a certain part of defendants' work, using employees of Service Company, and the situation which arises when they contract to furnish employees for use in performing defendants' contract. In the first situation, assuming the arrangement with Service Company was such as to make it an independent contractor, the workmen would be Service Company's employees. In the second circumstance, when defendants have control and the work has not been subcontracted out, as was true here, the result is otherwise and the cases cited support the conclusion that the workmen are employees of defendants. Our determination that the work was defendants' work is bolstered by the fact that defendants had another crew on its payroll doing the identical work, and also by the fact that at a later date the arrangement with Service Company was terminated and all work of this type was done by men on defendants' payroll.

In the instant case there can be no question under the undisputed facts that not only was plaintiff engaged in doing defendants' work when he was injured, but he was also under the direction and control of defendants' field engineer. Under such circumstances, there could be no possible basis in fact or inference that would support a finding that the relationship to defendants was anything other than that of an employee.

It follows that the court ruled correctly when it entered judgment for defendants and its action should be affirmed.

It is so ordered.

COMPTON, C. J., and NOBLE, J., concur.