Eppley, Appellant, *v.* Eldora Land Corporation.

Argued November 11, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*William L. Kimmel,* with him *Walker & Kimmel,* for appellant.

*Irwin M. Ringold,* for appellees.

OPINION BY MONTGOMERY, J., December 16, 1964:

In the course of his employment on December 24, 1958, claimant-appellant Herbert T. Eppley sustained

an injury which resulted in the amputation of his right arm. He filed separate claim petitions against the Eldora Land Corporation (Eldora) and the Eldora Coal Sales Corporation (Eldora Coal). Each alleged employer filed an answer, in which employment of claimant at the time of the accident was denied. The referee dismissed the petition against Eldora Coal; and claimant has not appealed from that action. However, in the other action the referee found that claimant was Eldora's employe and awarded him compensation. The board reversed the referee and dismissed the petition because of the finding that on the day of the accident claimant was the employe of Lloyd Manges, trading as Cal-Ann Coal Sales (Manges). The lower court affirmed the board's decision.

The only issue in this case is the identity of claimant's employer at the time of the accident. Since it is the prerogative of the board to pass on the credibility of the witnesses and to weigh their testimony, the board's finding that the employer was not Eldora but Lloyd Manges is binding on the court if it is supported by competent evidence; and that evidence must be viewed in the light most favorable to the prevailing party and that party must be given the benefit of every inference which logically and reasonably can be drawn from the evidence. *Krasznay v. Milton Ross Metals Co.*, 204 Pa. Superior Ct. 94, 203 A. 2d 393 (1964). The board has stated that it found Elwood Burgess and not Lloyd Manges to be credible. We have no right to disturb this exercise of its prerogative.

Reading the record in the manner stated in the foregoing rules, we are in accord with both the board and the lower court, who stated, in effect, that there are fragments of testimony which, if believed, would support claimant's contention that he was the employe of Eldora at the time of the accident but

that the overall effect of the testimony is that claimant at that time was under the direction and control of Manges.

Without indulging in a comprehensive analysis of the testimony, we think that it clearly supports the board's finding that claimant had been actively in the employ of Eldora through December 18 and part of December 19, 1958, and was paid by it to and including that last partial day. By that time the regular work of coal prospecting engaged in by Eldora had ceased and claimant, who had previously operated a high lift, had been assigned the duty of painting the basement of one of the buildings owned and maintained by Eldora "just to kill time." However, on December 19, 1958, Manges, having leased Eldora's tipple and loading facilities to process coal he was mining at a tract five miles away, needed workmen and inquired of Eldora, through its president, Elwood Burgess, in the following manner: "I am shorthanded. I wonder if I could hire these two men [claimant and Franklin Keyser] you have." Burgess replied that he had no objection because Eldora had no further work for either of them. Claimant had sufficient notice of the termination of his old employment and the beginning of this new employment because the conversation between Manges and Burgess occurred in the presence of claimant and Keyser. Thereafter Manges assumed control over the two men and directed their activities until the time of claimant's accident. No employe from Eldora participated in the operation at the tipple or mine during that period.

Subsequently claimant applied for unemployment compensation and stated in his application that his last day of work for Eldora was December 19, 1958, and that his last day of work for Manges was December 24, 1958.

The only issues in this case are issues of fact. Had claimant been successful in proving to the board that the rental of the tipple, etc., included his services as an operator, we may have had to decide the legal question of whether he was a loaned employe or was still under the control and direction of Eldora. However, the board rejected the evidence offered in support of that contention and found against claimant as a matter of fact. Therefore, no question of law on this point is before us on this appeal.

Order affirmed.