Hatter *v.* Lenox (et al., Appellant).

Argued March 16, 1965; reargued June 15, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, FLOOD, JACOBS, and HOFFMAN, JJ.

*Rowland C. Evans, Jr.,* with him *Krusen, Evans & Byrne,* for appellant.

*Richard D. Harburg,* with him *Swartz, Campbell & Detweiler,* for appellee.

OPINION BY WATKINS, J., September 16, 1965:

This is an appeal by Dr. Stephen D. Carmick, the defendant-appellant, from the order of the Court of Common Pleas No. 3 of Philadelphia County reversing the Workmen's Compensation Board and holding the defendant-appellant to be jointly liable for compensation benefits to the claimant Mabel Hatter, with Dr. Richard E. Lenox, the other defendant.

The claimant filed a petition for compensation for a back injury as the result of a fall in the course of her employment on June 28, 1962. The defendant Dr. Lenox answered that at the time of the accident she was in the concurrent employment of both Dr. Lenox and Dr. Carmick, the appellant. The referee found that she was "in the exclusive employ and control of Dr. Richard E. Lenox". The board divided two to one in affirming the referee. The Court of Common Pleas sustained the appeal and directed that benefits be apportioned jointly between the two defendants.

The question to be decided by this Court and the question which was decided by the court below is by whom was this claimant employed at the time of the accident. This is a question of law. *Carlson v. Chevrolet Motor Division,* 199 Pa. Superior Ct. 461, 185 A. 2d 643 (1962).

The fact finders found that the claimant was employed by both Dr. Richard E. Lenox and Dr. Stephen

D. Carmick as a receptionist and general office assistant at a weekly wage of eighty ($80) dollars. Each doctor paid forty ($40) dollars. There was also a finding of fact that at the time of the accident she was in the exclusive employ and control of Dr. Richard E. Lenox. We agree with the court below that this finding of fact is not supported by the record and that the law was not properly applied to the facts.

It is true that she was required to be at work on the day in question earlier than usual to attend to duties for Dr. Lenox but while there and before the arrival of Dr. Carmick or for that matter, if Dr. Lenox didn't arrive, she would sort the mail for both doctors and answer the telephone for both doctors. There was no additional compensation for the earlier arrival and there was nothing in the record to show that she was not subject, under the joint contract, to the control of both doctors. The physical structure of the offices; the entrances at both front and side; the restroom situation; the telephone setup; one typewriter to be used for both doctors; all indicating a joint venture on the part of both doctors for the employment of a receptionist and general office assistant to serve them both.

This situation has existed for a long period of time with different doctors involved and was, of course, arranged for their economic advantage. What Commissioner Geer said in his dissent from the board's decision makes good common sense:

"This was a joint venture on the part of both doctors so far as claimant's employment was concerned. If the situation in this case justifies a separation of employers we open the door to an avalanche of comparable circumstances. Once the claimant entered the premises of her employers, for whatever purposes, she undertook a duty to serve both doctors even if that involved nothing more than answering the telephone.

There is no evidence that claimant was especially compensated by Dr. Lenox for her pre-scheduled work. Suppose Dr. Carmick had, by chance, never come to work at all on the day of the accident. Would the arrival of 9:00 a.m. suddenly shift the compensation liability simply because it was the scheduled hour of work for Dr. Carmick.

"There was very little these two doctors had in common so far as their practice was concerned. Undoubtedly claimant's employment required a sharp separation of duties, each attributable and definable to one particular employer. Whether that duty required arrival before working hours or a special errand during working hours, it was the claimant's duty to serve them both in the nature of her employment."

*Brown v. Saltillo Borough Council*, 137 Pa. Superior Ct. 599, 10 A. 2d 93 (1939), is no help to the appellant. In that case there were clearly two contracts of employment, one under which the claimant worked regularly six or seven days a week and on his day off, which was Saturday, he accepted a contract of employment with the Borough, shoveling and hauling road materials. It was quite easy to determine under which contract the claimant was working and the only question that was decided by the case was that in the computation of benefits the claimant's earnings under both contracts were to be considered as if earned from the employer liable for compensation under §307 of the Act, 77 PS §581. There was no joint venture in that case while in the instant case this claimant was jointly employed by both under a single contract.

In the case of *Bundrant v. Rikal*, 25 Pa. D. & C. 2d 199, affirmed per curiam, 197 Pa. Superior Ct. 65, 176 A. 2d 127 (1961), there were also two separate and distinct contracts of employment, the one by which the claimant was employed by a taxicab company and the other by a trucking company. At the time of the accident it was established that he was changing a tire

on a taxicab when he was fatally injured. The separate and distinct contracts of employment were even clearer in *Eppley v. Eldora Land Corp.*, 204 Pa. Superior Ct. 559, 205 A. 2d 663 (1964), where his contract of employment was terminated by one company and he was hired by another at which time he was injured.

The court below cited *Reinert v. Harold Mfg. Co.*, 13 Lehigh L. J. 239 (1929) and *Hunt v. Regent Development Corp.*, 3 N.Y. (2d) 133 (1957), as authority for the proposition that "where a claimant is employed by two or more persons at the same time, both are equally responsible". In the latter case in the New York Court of Appeals the claimant was a watchman for two separate employers and was injured while on the premises of one. The court said in apportioning benefits that the claimant was not "completely disengaged from performing the duties owed to each employer ... nice differentiations over borderline activities are completely out of place". In the instant case where the claimant was injured on the premises used by both employers at a time when she was available, prepared and actually responsible for performance of the various duties provided in the joint contract for either or both doctors, we should not attempt "nice differentiations over borderline activities" in this workmen's compensation case but rather adopt the legally sound and logically correct apportionment as determined by the court below.

Order affirmed.