415 P.2d 541

Leon M. DAVISON, Plaintiff-Appellant,

v.

TOM BROWN DRILLING COMPANY, Inc., Defendant-Appellee,

v.

AMERICAN EMPLOYERS' INSURANCE COMPANY, Intervenor-Appellant.

No. 7868.

Supreme Court of New Mexico.

June 20, 1966.

Lowell Stout, Hobbs, for appellant Davison.

Girand, Cowan & Reese, Hobbs, for appellee.

McCormick, Lusk, Paine & Feezer, Carlsbad, for intervenor-appellant.

## OPINION

CHAVEZ, Justice.

Leon M. Davison, plaintiff below, appeals from a summary judgment in favor of defendant-appellee. The trial court found that appellant, at the time of the accident, was an employee of defendant drilling company and, therefore, barred from maintaining the action by virtue of the Workmen's Compensation Act.

Intervenor-appellant is the compensation carrier of Badger Bit & Speciality Company, hereinafter referred to as "Badger," and intervened to recover the amount paid to appellant for injuries received as a result of the accident which is the subject of this cause.

The summary judgment was entered after hearing solely from appellant Davison. Appellant testified that he had been employed as a welder for Badger for about two and one-half years, and that Badger did shop and field welding of all types for the general public.

On the night of the accident, appellant was called by Badger's manager and di-

rected to take a portable welding unit owned by Badger and assigned to appellant, to the site of an oil rig owned by appellee and to heat a tubing joint.

Upon arrival at the drilling site, appellant was told by appellee's pusher which joint needed heating. Appellant started his equipment, climbed to a platform set thirty feet above the floor of the rig, lit his torch and started heating. He encountered difficulty with his equipment, returned to the ground, remedied the problem, got back on the platform and went ahead heating the joint. He was struck by pipe tongs operated by appellee's roughnecks and knocked to the ground, incurring injuries.

Appellant testified that the heating job was in the usual performance of his duties, was the work customarily done by Badger, and was not something ordinarily done by appellee. He admitted that appellee's pusher told him which joint to heat, and that if the pusher had told him to leave the job, he would have done so. Appellant also stated that the pusher and roughnecks did not control the details of the work; that he took his instructions from Badger; that if any of appellee's agents had given him instructions contrary to those given to him by Badger, he would not have followed them; that if he had been told to leave the job, he would not have necessarily lost his job with Badger, and Badger would have charged appellee for the time it took appel-

lant to return to the yard after he stopped working. Appellant further testified that he did not consider himself an employee of appellee; that he was not carried on any of the records of appellee and never received any wages from appellee; that he was never tendered any workmen's compensation benefits by appellee; and that he would have refused to do any work usually performed by appellee's roughnecks.

The facts in this case are almost identical to those in Huff v. Dunaway, 63 N.M. 121, 314 P.2d 722, except that in that case an alleged tortfeasor denied liability, aside from workmen's compensation, claiming that his agent was a co-employee of the injured party and not an independent contractor. In the instant case, appellant seeks recovery from appellee who denies liability. Appellee, in his answer, alleges that appellant was a special employee of appellee and is bound by the Workmen's Compensation Act.

In the Huff case, defendant operated trucks doing hauling for the general public. A dealer in oil field equipment engaged one of defendant's trucks and a driver to move some equipment from one part of the dealer's yard to another part of the yard. As in the present case, the equipment and the operator were hired on an hourly basis, subject to the right of the party hiring the equipment and the operator to terminate the work at any time without cause but, in doing so, to incur liability

until the equipment and operator were returned to the owner.

Also, as in this case, plaintiff Huff, a yardman of the equipment dealer, pointed out to the driver the items to be moved and where they were to be placed. As the work progressed, the truck driver, like appellant Davison, responded to general directions of coordination. In Huff, the truck driver misunderstood a signal, started the truck, began driving away, and Huff was injured. The trial court granted a directed verdict and judgment of dismissal of Huff's complaint. This court reversed that judgment and held that the evidence was almost sufficient to make the trucking company and its driver independent contractors as a matter of law, and abundantly sufficient to take the case to the jury on the issue of whether defendant was an independent contractor.

Dunham v. Walker, 60 N.M. 143, 288 P.2d 684, is not applicable in the instant case, as in the Huff case, because: (1) The appellee and Badger were not engaged in the same business; (2) appellant had not completed the work for which appellee had contracted with Badger to have done at the time of the accident; (3) the work being done by appellant was exactly that which appellee had contracted to have done; and (4) appellant did not heat the joint at the specific request of appellee's agent, but, rather at the request of Badger, subject to the coordination of appellee's agent.

Appellant's testimony indicates that he, like the truck driver in Huff v. Dunaway, supra, bore the responsibility of operating his employer's equipment in the performance of a contract made by his employer.

The facts in DeArman v. Popps, 75 N.M. 39, 400 P.2d 215, are analogous to those in the present case. In DeArman we held that an injured worker was an employee of an independent contractor because of "independence of means and methods," subject only to another's "general supervision of the desired results." The worker was not in a "position of complete subservience."

The testimony of appellant Davison shows that he was in a similar position and there is ample evidence in the record to warrant a finding by a jury that appellant Davison was not an employee of appellee.

Appellee cites Burruss v. B. M. C. Logging Co., 38 N.M. 254, 31 P.2d 263; Bland v. Greenfield Gin Co., 48 N.M. 166, 146 P.2d 878; and Jones v. George F. Getty Oil Co. (10th Cir. 1937), 92 F.2d 255, as supporting its position. What we said in Huff v. Dunaway, supra, concerning the distinguishable factors in those cases is

**416**

equally applicable here and need not be repeated.

In DeArman v. Popps, supra, we said that Shipman v. Macco Corporation, 74 N.M. 174, 392 P.2d 9, cited by appellee, was distinguishable from a case very similar to the present case. Although appellee argues to the contrary, we believe that appellant's testimony shows that appellee's power of control over appellant was different than that found in the Shipman case.

On the basis of our holdings in Huff v. Dunaway, supra, and DeArman v. Popps, supra, we conclude that the court erred when it determined that appellant was an employee of defendant drilling company. The evidence not only does not support the conclusion reached, but if not contradicted by other evidence to be offered in the trial hereinafter ordered, would require a conclusion that appellant was Badger's employee and accordingly was not prevented by the Workmen's Compensation Act from recovering from appellee.

The case is reversed and remanded to the district court with direction to set aside the summary judgment, to grant appellant a new trial, and to proceed in a manner consistent with this opinion.

It is so ordered.

MOISE and COMPTON, JJ., concur.